Decker v. The Evansville, Suburban & Newburgh Railway Company.

No. 16,150.

DECKER v. THE EVANSVILLE, SUBURBAN & NEWBURGH RAILWAY COMPANY.

RAILROAD.—*Right of Way Along a Street.*—*Failure to Assess or Tender Damages.*—*Laying Track.*—*Suit to Enjoin.*—*Fee of Street not in Adjoining Lot-Owners.*—*Special Damages.*—*"Community in General."*—*Meaning of.*—Where a railroad company had secured from the proper municipal officers, the right to lay their railroad track in a certain street, which right, as a street, was acquired by more than twenty years' adverse user, and the fee of which was not in the adjoining lot-owners, a person who had leased a lot abutting on said street, and erected a business house thereon, has no right to enjoin the company from laying their railroad track, when such company has not assessed, or tendered to the plaintiff, the damages he will sustain by reason of said track and its use as such, unless he can show that he will suffer damages thereby different from the community in general, and the term "community in general" means those who reside in the immediate vicinity of the railroad, and are subject to the inconveniences incident to its structure.

STREETS AND ALLEYS.—*Easement in.*—*Abutting Lot-Owner.*—*Peculiar and Distinct Interest of.*—An owner of a lot abutting upon a street may have a peculiar and distinct interest in the easement in the street in front of his lot, which includes the right to have the street kept open and free from any obstruction which prevents or materially interferes with the ingress and egress to and from his lot, which is an interest distinct from that possessed by the general public, and is appendant to the lot and the improvements thereon.

From the Warrick Circuit Court.

*J. S. Buchanan* and *C. Buchanan,* for appellant.

*A. Gilchrist, C. A. DeBruler* and *D. B. Kumler,* for appellee.

COFFEY, C. J.—This action was commenced by the appellant against the appellee, in the Vanderburgh Circuit Court, seeking to enjoin the appellee from laying its railroad track on Fifth street, in the city of Evansville. The complaint alleges, among other things, that the appellant is the owner

of a lease for the period of ninety-nine years from its date, of lot number 228 in the donation enlargement to the city of Evansville, which lot fronts on Fifth street; that by virtue of his lease, he is entitled to the possession of the street in front of the lot to its center, subject to the right of the public to use the same as a highway; that he has erected a valuable business house on the lot adjoining said Fifth street. He alleges that the city of Evansville has granted to the appellee the right to lay its railroad track on Fifth street, in front of appellant's business house, which it is proceeding to do without first assessing and tendering to the appellant the damages he will sustain by reason of the appropriation of his property. There was a prayer for an injunction.

The venue of the cause was changed from the Vanderburgh to the Warrick Circuit Court, where a trial was had, resulting in a special finding of the facts proven, with conclusions of law thereon, upon which the court rendered judgment for the appellee. The contention of the appellant is that the court erred in its conclusions of law.

It appears, from the finding of facts, that the appellant has erected a business house on the lot described in the complaint, fronting Fifth street. Fifth street, in the city of Evansville, adjoining the appellant's building, is not a regularly laid out and platted street, but was formerly the bed of the Wabash and Erie Canal. The canal was abandoned in the year 1864 or 1865. The canal, in front of the appellant's house, was filled by him with rubbish and with the dirt removed when he constructed his cellar. The remainder of the canal, on what is now known as Fifth street, was filled by the city. This canal had been filled, improved, and used as a street for more than twenty years prior to the commencement of this suit. Josephus Collett, under a chain of conveyances from the trustees of the Wabash and Erie Canal Company, claims to be the owner of the land in fee covered by Fifth street, subject to the

right of the public to use it as a street, and is claiming from the appellee damages for its use as a railway. The city of Evansville, by an ordinance duly passed by its common council, has granted to the appellee the right to lay its railroad tracks on this street, and at the time this suit was commenced, it was proceeding to put down its track, without assessing or paying any damages sustained by property owners on the street.

Under these facts, the court reached the conclusion that the appellant was not entitled to a decree enjoining the appellee from putting its track on Fifth street, in the city of Evansville. The propriety of this conclusion is the only question in the case.

When the owner of land lays out a town upon the same, platting it into lots, streets and alleys, and causing such plat to be recorded, under the provisions of our statute upon the subject, he conveys to the public a mere easement in the streets and alleys, retaining in himself the fee simple of the land over which such streets and alleys pass. So, when he conveys to a purchaser a lot abutting upon such street, the fee simple to the center of the street upon which the lot abuts passes by such conveyance, to the purchaser as a part and parcel of the lot so conveyed. It is upon this principle that it has so often been held that the owner of a lot abutting on a street owns to the center of the street. *Cox* v. *Louisville, etc., R. R. Co.,* 48 Ind. 178.

At the time the lot upon which the appellant's building is situate was laid out, the street now in controversy was not in existence, nor was it in existence at the time the appellant acquired his lease. The fee in the land over which it passes was in the Wabash and Erie Canal Company. It was never dedicated by the owner to the public use as a street, but, by more than twenty years user as a public highway, the public has acquired the right to use it perpetually. If the public should cease to use it as such highway, Collett would take it discharged of its present burden, and the

appellant would have no interest in it. We are unable to perceive any course of reasoning by which the conclusion can be reached, that the fee to this street is in the abutting lot owners, who acquired such lots before the existence of the street.

Assuming, therefore, that the owner of the lot on which the appellant's buildings are situate does not own the fee to the street upon which it abuts, but that he and the appellant have the right to use it in common with the public, the question remains as to whether the appellant can maintain this action upon the ground that the proximity of the railroad, when completed, will obstruct such street, and will be an injury to his property.

It is settled law in this State that the owner of a lot abutting upon a street may have a peculiar and distinct interest in the easement in the street in front of his lot. This interest includes the right to have the street kept open and free from any obstruction which prevents or materially interferes with the ordinary means of ingress and egress to and from his lot. This is an interest distinct from that possessed by the general public, and is a right appendant to the lot and the improvements thereon. Such means of ingress and egress are as much property as the lot itself. But whether the owner of a lot abutting upon a street may maintain a common law action, where a structure in the street imposes no new burden on the soil owned by him, depends upon whether or not the occupation of the street with such structure results in damage to his property peculiar and different in kind from that which is suffered by the community in general. *Terre Haute, etc., R. R. Co.* v. *Bissell*, 108 Ind. 113; *Dwenger* v. *Chicago, etc., R. W. Co.*, 98 Ind. 153; *Sohn* v. *Cambern*, 106 Ind. 302; *Indiana, etc., R. W. Co.* v. *Eberle*, 110 Ind. 542.

The community in general does not mean those who use the street, and yet reside at such a distance from the railroad, if such be the obstruction of which complaint is made,

as to suffer none of the annoyances incident to its construction and operation, but it means those who reside in the immediate vicinity of the railroad, and are subject to the inconveniences incident to such a structure. The location and operation of a railroad upon a public highway may occasion incidental inconvenience to an abutting landowner, but until it cuts off or materially interrupts his means of access to his property, or imposes some additional burden on his soil, his injury is the same in kind as the community in general. Injuries which result from the careful construction and operation of a railroad on the land of another are common to all those whose lands are in close proximity to such road, and for such injuries there can be no recovery in the absence of a statute entitling the owner to maintain such action. *Grand Rapids, etc., R. R. Co.* v. *Heisel,* 38 Mich. 62; *City of Chicago* v. *Union Building Association,* 102 Ill. 379; *Rigney* v. *City of Chicago,* 102 Ill. 64; *Indiana, etc., R. W. Co.* v. *Eberle, supra.*

There is nothing in the special finding of facts in this case, from which it appears that the construction of its road by the appellee, over or upon Fifth street, will cut off or materially interfere with the appellant's ingress or egress to or from his lot or buildings thereon. The inconvenience which he will suffer, so far as appears from the record in this case, is such as the public generally who use the street will suffer. For such an injury, as we have seen, he can not recover. For these reasons, we do not think the court erred in its conclusions of law upon the facts found.

Judgment affirmed.

Filed February 1, 1893.