Reinhaed, J.
The appellee brought this action to recover damages of the appellant for an alleged trespass upon and wrongful appropriation of her land for the purpose of constructing and maintaining a second railroad track upon the portion thereof lying adjacent to the appellant’s right of way upon which the first and main track is laid.
The complaint is in two paragraphs, and a general demurrer addressed separately to each paragraph was overruled. This ruling is assigned and relied upon as error. The specific objection urged against the first paragraph is its failure to allege the appellee’s ownership of the property described.
The averment upon the question of ownership is not as clear and specific as could be desired in a model pleading, but we think the several averments when construed together are sufficient to withstand the objection mentioned.
It is alleged that the appellant entered upon the land but a very few days before the action was commenced. In the allegation of ownership it is true the present tense is used, which must probably be construed to refer to the time of the commencement of the action, but it is *483 further shown in the complaint, that the appellee claimed title and notified appellant thereof, and that she would claim damages the day before the alleged entry. It is also charged that the appellant entered unlawfully and without right, and that the trespass was a continuing one amounting to an appropriation of a right of way in perpetuity. The objection is highly technical in its character, and we do not think it is tenable.
Another objection urged is that the appellee does not aver ownership in the particular portion upon which the track was laid. This objection is equally untenable. After setting forth a specific description of her real estate, she avers that on the said described piece or tract there were three dwelling houses, occupied by her tenants, each of which houses “fronted on an open way twenty feet in width, which then was and had been left open, extending along the south side of said real estate and adjacent to said railroad right of way for the entire distance along said real estate, and being a part of said real estate,” etc.
This, we think, sufficiently shows that the strip upon which it is alleged the second track was constructed, was a part of the real estate described, and of which it is averred she is the owner. If the appellant desired a more specific description of the strip alleged to have been appropriated, it should have interposed a motion to require the appellee to make her complaint more definite in this regard.
But if we should conclude that the strip taken was not described with sufficient certainty, this would not render the complaint bad for the reason that it still shows some injury to the remainder of the land upon which the dwelling houses are situated, under the rule that the owner of property is required to use it so as not to injure the property of his neighbor.
*484 The special verdict being clearly based upon the first paragraph of .the complaint, we would not ordinarily be required to consider the objections urged against the second. We think, however, that the second paragraph is sufficient also. It is averred therein that the appellee was the owner and in possession of the property described on the 26th day of May, 1892, and that the grievances complained of occurred- on the 28th day of May, 1892. This is a sufficient averment of ownership. It will not be presumed that there was a change of ownership and possession between the two days named. On the contrary, ownership and occupancy are presumed to continue until the opposite is made to appear. Wharton Ev., section 1286. Appellant’s contention that this paragraph of complaint shows the strip of land taken to be a street in a city, even if tenable, would not necessarily prove the complaint bad for the sufficient reason that the owner of land abutting on a highway or street is not debarred from recovering damages from a railroad company constructing a track thereon by the fact that the municipal authorities have granted the company a right of way over such street or highway. Cox v. Louisville, etc., R. R. Co., 48 Ind. 178.
Besides, the owner of the abutting land may have a peculiar interest in the easement in the street, including the right to have the street kept open and free from any obstruction preventing or interfering with his free ingress or egress, such interest being distinct from that of the general public and inhering in the land of which he is the owner. Decker v. Evansville, etc., R. W. Co., 133 Ind. 493.
We think both paragraphs of the complaint were sufficient to withstand the demurrer.
The court sustained a demurrer to appellant’s second paragraph of answer. This pleading is drafted upon the *485 theory that the track complained of was laid in a street under the authority of a resolution passed by the common council of the city. For the reasons given in ruling upon the sufficiency of the second paragraph of complaint, we think the demurrer was properly sustained.
The overruling of the motion for a new trial is assigned as error, and it is insisted that the verdict is not sustained by sufficient evidence. One of the alleged defects in the evidence is claimed to consist in the insufficiency of the description of appellee’s real estate contained in the deed introduced in evidence. The deed was introduced obviously for the purpose of proving title. We think the ownership was sufficiently proved, and that the objection is not tenable. It was not essential to the maintenance of the action, that the appellee should have proved the exact width or dimensions of the land appropriated by the appellant.
If any land was taken, the appellee has the right to recover for such taking, and if she sustained damage to her other land then she is entitled to recover for such damage also. Nor can we say that there was no evidence from which the jury could find that appellee’s injury was a permanent one. The mere fact that the so-called second track is only a siding does not conclusively show that such second track is not permanent, nor is the evidence otherwise conclusive upon this point. Besides, the evidence tends to show an obstruction of the ingress and egress over appellee’s land, which the jury were amply warranted in finding, was a permanent obstruction. The probable duration of the injury was a proper inference for the jury from the fact of the use the appellant was actually making of the siding and the strip of land upon which it is constructed.
Appellant’s counsel also insist that the evidence shows, *486 beyond dispute, that the narrow strip of ground upon which the side track was laid was a part of the company’s original right of way. This contention is based upon the assumption that the appellant, in the acquisition of such right of way, obtained a strip 100 feet in width, for which assumption there is no warrant, for the reason that there is evideiice tending to prove that such right of way is coextensive only with what was known as the old plank road, and that from the center of this road to its outer edge on the north no portion of the strip of land claimed by the appellee is included.
Nor ,is the appellant’s position tenable, that because telegraph poles had been erected and were still standing on the disputed strip, the extent of the right of way must be measured by the locality occupied by such poles. The evidence tends to show that the poles were erected, and, together with the wires connected with the same, are owned by another corporation, which permits the appellant to use one of its lines. No presumption of claim of title, or adverse possession, on the part of appellant, can therefore be properly based upon the erection of these poles.
Without further prolonging the discussion of this branch of the case, it will be sufficient to say that there is some evidence upon every material branch of the issues tending to support the verdict, and that there was consequently no error in the court’s refusal to grant a new trial on account of the insufficiency of the evidence.
Nor do we think the verdict so uncertain that the appellant’s motion for a venire de novo should have been sustained.
The verdict shows that there was a depreciation in the main body of the appellee’s land, amounting to $500. It further shows an appropriation of the narrow strip, *487 and that its value was $700. This makes the sum of the damages which the jury awarded to appellee, to wit, $1,200. We can not say, as a matter of law, that an appropriation of a strip of land for a side track of a railroad injures the owner less than the actual value of the real estate taken.
Filed April 6, 1894;
petition for rehearing overruled Nov. 27, 1894.
Nor can we agree with counsel in the contention that the appellee’s only remedy was to proceed under the special statute for the assessment of damages. Where the owner of land acquiesces, in the appropriation, as the appellee does in the present case, such owner may recover in an action like the present one for the permanent injury sustained. Indiana, etc., R. W. Co. v. Eberle, 110 Ind. 542; Porter v. Midland R. W. Co., 125 Ind. 476; Indiana, etc., R. W. Co. v. Allen, 113 Ind. 581; Chicago, etc., R. W. Co. v. Hall, 135 Ind. 91; Henderson v. New York, etc., R. R. Co., 78 N. Y. 423.
Other questions are presented by appellant’s counsel, but what we have said in the previous portion of this opinion must be considered as conclusive of other points made by counsel in argument. There is no reversible error.
Judgment affirmed.
Gavin, J., dissents.
Ross, J., did not participate in this opinion.