DOMINGOS M. MACHADO & another *vs.* BOARD OF PUBLIC WORKS OF ARLINGTON.

Middlesex.    January 7, 1947. — March 3, 1947.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Eminent Domain*, Validity of taking, Purpose of taking.  *Municipal Corporations*, Sewer.

A taking by the board of public works of a town of an easement for a sewer running to land of a single petitioner therefor was not invalid as a taking colorably for the use of the public but in fact solely for the benefit of the petitioner where it appeared that the sewer became necessary in order to abate a nuisance caused by a cesspool on the petitioner's property.

The mere fact, that a petitioner for a taking of an easement by a town for a sewer running to his property to abate a nuisance caused by a cesspool thereon had agreed to reimburse the town for the cost of the taking, did not as a matter of law establish that the taking was solely for a private purpose and therefore invalid.

PETITION for a writ of certiorari, filed in the Superior Court on April 5, 1946.

The case was heard by *Baker*, J.

*A. de J. Cardozo*, for the petitioners.

*R. T. Hamlet*, for the respondents.

SPALDING, J.   This is a petition for a writ of certiorari to quash the proceedings of the respondents by which an easement for a sewer was taken in the petitioners' land. From a final judgment unfavorable to them the petitioners appealed.  See G. L. (Ter. Ed.) c. 213, § 1D, as inserted by St. 1943, c. 374, § 4.

The facts appearing in the return or admitted are these: The petitioners are the owners of two lots of land in the

town of Arlington, which are designated on a plan annexed to the petition as A and C. Lot A is adjacent to Mystic Valley Parkway. Lot C adjoins lot A in the rear and runs south to Decatur Street. Adjoining lot A on the easterly side and abutting on Mystic Valley Parkway is lot B, which is owned by one DiMaggio. Contiguous to lot B in the rear and extending to Decatur Street is lot D, owned by one Oppedisano. On each of the lots A and B there is a building which, we infer, is a dwelling house.

On November 6, 1944, the respondents, meeting as the board of public works for the town of Arlington, considered an application by DiMaggio to extend the sewer in Mystic Valley Parkway to his property. The reason given in the application was "impractical cesspool conditions." The respondents were informed by the town engineer that unless a taking of private land were made it would be necessary to extend the sewer four hundred feet to reach DiMaggio's land. The application was denied.

At a meeting of the respondents held on November 27, 1944, DiMaggio renewed his application, stating that his cesspool was creating a nuisance and that he had been notified by the board of health to abate it. He also stated that he had attempted without success to obtain an easement through private lands in order to effect a connection with the sewer main in Decatur Street. He was informed by the respondents that the cost of extending the sewer main in Mystic Valley Parkway to his property would be in excess of $4,000, and that they "did not feel justified in authorizing such an expense to service one house." The respondents, however, "agreed to have another survey made using a new location that had.been suggested by the town engineer, if he, Mr. DiMaggio, would assume the cost of all easement rights." DiMaggio agreed to this proposal, and the town engineer was instructed to make the necessary survey and to submit the plans and an estimate of the cost to the respondents for further consideration.

Subsequently, after DiMaggio had agreed to relinquish all claims for present and future damages with respect to the taking, the respondents on March 26, 1945, adopted an

order by which an easement was taken in both of the lots owned by the petitioners for the purpose of "constructing and operating a system or systems of water and of sewers and sewage disposal and of laying, making and maintaining common water pipes, main drains and sewers." The easement was in a strip ten feet wide on lot C and in a narrower strip on lot A. Also included in the taking was the "present sewer pipe and connection now laid within the lines of taking in lots A and C." This enabled DiMaggio to have access to the sewer on Decatur Street. An award of damages was made for the interests taken. · The petitioners concede that a copy of the order of taking was duly recorded in the registry of deeds as required by G. L. (Ter. Ed.) c. 79, § 3, as amended.

The action of the respondents is challenged on the ground that the taking described above was not for a public use but on the contrary was for the sole use and benefit of a private individual and was therefore invalid. In other respects the action of the respondents is not assailed, and we shall confine our discussion to this issue. [1]

The governing principles of law are set forth in *Opinion of the Justices,* 297 Mass. 567, where it was said at page 571, "It is fundamental under our system of government that land can be taken by eminent domain only for a public purpose. Money raised by taxation can be expended only for a public purpose. A public use commonly is one the enjoyment and advantage of which are open to the public on equal terms. The circumstances may be such that only a relatively small portion of the inhabitants may participate in the benefits, but the use or service must be of such nature that in essence it affects them as a community and not merely as individuals. . . . Land cannot be taken by eminent domain with the intent to transfer it to private individuals for their own use." To the same effect are *Lowell* v. *Boston,* 111 Mass. 454, *Opinion of the Justices,* 204 Mass. 607, 610–611, *Salisbury Land & Improvement Co.*

---

[1] As to the authority of the respondents to make takings for the laying out of sewers see St. 1896, c. 282, and St. 1904, c. 3; the latter act was accepted by the town of Arlington on February 8, 1904.

v. *Commonwealth*, 215 Mass. 371, 376–377, *Riverbank Improvement Co.* v. *Chadwick*, 228 Mass. 242, 247, and *Opinion of the Justices*, 237 Mass. 598, 609. That the laying out of sewers is a public purpose which will justify the taking of private property by eminent domain can hardly be doubted. In discussing a provision in the charter of the city of Lowell by which the city was given the right to lay out sewers through private lands upon payment of compensation to the owners, this court said in *Hildreth* v. *Lowell*, 11 Gray, 345, "The purpose of the legislature in the enactment of this provision is very plain. It was to place in possession of the city council the means of abating nuisances offensive to the community and dangerous to the health of the people. The objects therefore to be accomplished by the exercise of the power it confers are so obviously connected with means to be adopted for the promotion of the general welfare of the community, and in which all citizens have a common interest, that the suggestion of a want of constitutional power in the legislature for its enactment seems to be entirely without foundation" (pages 350–351).

It is true that the immediate purpose of the easement taken in the petitioners' land was to afford DiMaggio access to the sewer in Decatur Street, and it might seem at first blush that he alone was benefited. But actually that is not so. As the return shows, one of the reasons, if not the chief one, which gave rise to his application was the unsatisfactory condition of his cesspool, which the board of health had ordered him to remedy. It requires no discussion to demonstrate that this was a condition of such concern to the health and welfare of the town that its elimination by the means here adopted was a public purpose. This is not a case, therefore, where the taking can be said to be colorably for the use of the town, but really for the benefit of an individual.

We have not overlooked the fact pressed upon us by the petitioners that at one of the meetings of the respondents, as noted above, DiMaggio assented to a proposal that he "assume the cost of all easement rights." But the mere fact that DiMaggio may have agreed to reimburse the

town for the cost of the taking would not render it invalid. The essential thing is whether the purpose for which the taking was made was a public one. It is settled that a taking otherwise lawful is not invalid merely because those specially benefited pay for the cost of it either in whole or in part. *Parks* v. *Mayor & Aldermen of Boston*, 8 Pick. 218, 227. *Copeland* v. *Packard*, 16 Pick. 217, 221. *Crocket* v. *Boston*, 5 Cush. 182, 190–191. *Atkinson* v. *City Council of Newton*, 169 Mass. 240, 242. *Southborough* v. *Boston & Worcester Street Railway*, 250 Mass. 234, 240. 18 Am. Jur., Eminent Domain, § 44. See also cases collected in note 53 Am. L. R. 9, 33, et seq. In other words, proof of this fact does not necessarily establish that the taking was for a private purpose. It follows that the judge rightly denied the petition.

*Judgment affirmed.*

