MYRON R. RASSI ET AL. *v.* TRUNKLINE GAS COMPANY.

[No. 1067S95.  Filed September 19, 1968.]

*John Schindler, Jr.,* of Mishawaka, for appellants.

*D. Russell Bontrager, Victor Arko, F. LeRoy Wiltrout,* of Elkhart, for appellee.

HUNTER, J.—Appellee, a natural gas company, brought a series of nine separate eminent domain actions to appropriate easements over certain lands for a right-of-way to construct, operate and maintain a pipeline. By agreement of the parties, these nine actions were consoli-

dated "for the purposes of pre-trial conference and trial." Subsequently, the trial court entered nine separate orders of condemnation. The only complaint and order of condemnation in the transcript before this Court are those filed in the trial court against appellants Myron R. Rassi and Mary Joanne Rassi.

Indiana Supreme Court Rule 2-7 provides in part:

"When two or more actions have been consolidated for the purpose of trial in the court below . . . the court to which the appeal is taken may, on its own motion or on petition, in its discretion, order a consolidation of any part or all the records or proceedings on appeal . . ."

No petition for consolidation has been filed by any party to these nine actions, and no order for consolidation has been made by this Court. Thus, although appellants have filed a brief seemingly in behalf of all the defendants in the nine separate actions, the only action on appeal to this Court is the one involving Myron R. Rassi and Mary Joanne Rassi.

Appellants filed five objections to appellee's complaint: (1) Appellee is a Delaware corporation and has no right under Indiana statutes to exercise the power of eminent domain, (2) Appellee did not make a good faith offer to purchase the easement, and the court, therefore, had no jurisdiction of the action, (3) the use which the appellee intends to make of the easement is not a public use, (4) there is no necessity for the appropriation of additional easements by the appellee, and (5) the easement would be appropriated for a prohibited use under the zoning ordinances of Elkhart County, Indiana.

Appellants also filed written interrogatories on the issues raised by their objections. The court sustained appellee's motion to strike these interrogatories. After the trial court struck the written interrogatories, appellants filed two additional objections to condemnation: (1) If the eminent domain statutes and court decisions are construed so as to authorize the taking of property without establishing reasonable stand-

ards for determining whether the use to which the property is to be put is a public use or whether the property to be appropriated is necessary for such use of if such statutes or court decisions are construed so as to eliminate judicial review of such questions, then such construction deprives appellants of their property without due process of law and denies appellants equal protection of the law, contrary to the Fourteenth Amendment of the Constitution of the United States and contrary to Section 12 of Article One and Section 1 of Article Four of the Constitution of Indiana, and (2) the deprivation of discovery procedures in condemnation proceedings also violates these constitutional proscriptions.

After a hearing, appellants' objections were overruled, and the court entered an order of condemnation and appointed appraisers. Appellants contend the trial court erred in striking the interrogatories and in overruling their objections to condemnation.

It is not necessary in this action for this Court to decide whether, under Ind. Ann. Stat. § 2-1028 (1965 Repl.), written interrogatories are now proper in eminent domain proceedings. Subsequent to the striking of the interrogatories in this action, the parties entered into a stipulation of all issuable facts before the court for determination. By so doing, the parties rendered the withholding of discovery procedures by the trial court an act which could not have so prejudiced the case of either party as to constitute reversible error. Certainly all necessary discovery was completed by both parties at the time of entering into the pretrial stipulation. See *Kennedy* v. *B. A. Gardetto, Inc.* (1940), 306 Mass. 212, 217, 27 N.E.2d 957, 961-62; *Cooper* v. *Fidelity Trust Co.* (1934), 132 Me. 260, 264, 170 A. 726, 730.

Appellee properly brings this eminent domain action under the authority of the federal Natural Gas Act, 15 U.S.C. § 717f(h), and needs no Indiana statute for this authority. Thus, appellants' contention that because appellee is a Delaware corporation, it cannot bring

this action under Indiana's statutory authority, is without merit. Similarly, the supremacy of the federal statute and the power of eminent domain conferred thereunder over the zoning ordinances of Elkhart County cannot be questioned. While it is true that states have been allowed certain regulatory powers over natural gas companies when the business operation in question is "essentially local in aspect," (e.g., *Panhandle Eastern Pipe Line Co.* v. *Michigan Pub. Serv. Com.* (1950), 341 U.S. 329; *Panhandle Eastern Pipe Line Co.* v. *Pub. Serv. Com. of Indiana* (1947), 332 U.S. 507), the power of the federal government or its agencies to institute eminent domain proceedings cannot be increased or diminished by state laws or local ordinances. *United States* v. *Carmack* (1946), 329 U.S. 230, 238-40; *Kohl* v. *United States* (1875), 91 U.S. 371, 374.

There is ample evidence in the record to support the finding that appellee did make a "good faith" offer to purchase the easement prior to bringing this action. It was stipulated that an attorney, acting on behalf of appellee, sent a letter by registered mail to the appellants offering to purchase the easement for one dollar ($1.00) a rod and to pay for such damages as might result from the construction of the pipeline. Prior to sending this letter, appellee had contacted appellants on different occasions with the same offer. Furthermore, it was stipulated that appellants demanded of appellee five thousand dollars ($5,000) for this easement, eighty-three rods in length, or, in other words, over sixty dollars ($60.00) a rod. The Natural Gas Act, 15 U.S.C. § 717f(h), requires only that appellee be "unable to agree with the owner of property as to the compensation to be paid . . .", and there was a sufficient offer and disagreement to allow the trial court jurisdiction of this action.

Similarly, there is ample evidence in the record to support the finding that the use which appellee proposes to make of

the easement is a public use. Again, according to the parties' stipulations, appellee is a "Delaware Corporation authorized to gather, transmit . . . and distribute petroleum, natural gas and petroleum products throughout the United States, and . . . is now engaged in the transportation of natural gas from a point of origin in the State of Texas through Elkhart County, Indiana, to a point on the Indiana and Michigan line . . . (Appellee) is presently selling natural gas to two customers in the State of Indiana, namely, the City of Rensselaer, Indiana, and Northern Indiana Public Service Company." Transporting natural gas for distribution to the public has long been recognized as a public use (*Rushville* v. *Rushville Natural Gas Co.* (1892), 132 Ind. 575, 28 N.E. 853), and is made no less so because the corporation does not render service directly to the public but indirectly through other persons and corporations. *Shedd* v. *Northern Indiana Pub. Serv. Co.* (1934), 206 Ind. 35, 188 N.E. 322. Appellee is transporting natural gas for ultimate distribution to residents of Indiana as well as other states, and this is clearly a public use of the easements in question.

The Natural Gas Act provides that the Federal Power Commission shall issue a certificate of public convenience and necessity "if the proposed service . . . is or will be required by the present or future public convenience and necessity." 15 U.S.C. § 717f(e). It is only when armed with such a certificate that the appellee could have commenced an eminent domain action under this statute. Such a certificate was issued to appellee on March 28, 1967, after a hearing by the Federal Power Commission. Thus, it was the Federal Power Commission, and not the trial court, which determined and had the sole authority to determine that the easements sought by appellee were necessary. There is much authority to the effect that the extent of the public necessity for a proposed improvement, the suitableness of the location selected, and the consequent necessity of taking the land selected for its site are all questions for the legislature

to determine, and the courts have no power to interfere or substitute their own views for those of the legislature unless the actions by the legislature is arbitrary. *Guerrettaz* v. *Pub. Serv. Co. of Ind.* (1949), 227 Ind. 556, 561, 87 N.E.2d 721.

> "The necessity and expediency of taking property for public use is a legislative question, and where the intended use is public, this question may be determined by such agency and in such manner as the legislature may designate." *Wampler* v. *Trustees of Ind. Univ.* (1961), 241 Ind. 449, 453, 172 N.E.2d 67, 69.

Accord, *Dahl et ux. et al.* v. *Northern Ind. Pub. Serv. Co.* (1959), 239 Ind. 405, 409, 157 N.E.2d 194, 197-98; *Slentz et al.* v. *City of Fort Wayne et al.* (1954), 233 Ind. 226, 118 N.E.2d 484.

A property owner is entitled to have just compensation when his property is appropriated for public use; this is a Constitutional guarantee. He is permitted to have notice and hearing on the question of just compensation. But no individual property owner should have the legal ability through the courts to question a legislative determination of the public need. To allow the courts to substitute their judgment for that rendered by the representatives of the people, in instances where the legislature has not acted arbitrarily, would violate the doctrine of separation of powers.

Furthermore, inasmuch as these are legislative rather than judicial determinations, a hearing thereon is not essential to due process in the sense of the Fourteenth Amendment (*North Laramie Land Co.* v. *Hoffman* (1924), 268 U.S. 276, 284; *Rindge Co.* v. *Los Angeles County* (1922), 262 U.S. 700, 709; *Joslin Mfg. Co.* v. *Providence* (1922), 262 U.S. 668, 678; *Bragg* v. *Weaver* (1919), 251 U.S. 57, 58-59) or under the Indiana Constitution (*Dahl* v. *Northeastern Indiana Pub. Serv. Co., supra; Slentz et al.* v. *City of Fort Wayne, et al., supra*).

Finally, appellants have not been denied equal protection of the laws when, as in the instant case, the issue of necessity

is regarded as a legislative question to be determined by a legislative agency and is to be applied consistently to all persons affected by the determination.

Therefore, for all of the foregoing reasons, we hold that the appellants have failed to demonstrate reversible error, and the judgment of the trial court should be affirmed.

Judgment affirmed.

Lewis, C.J., and Arterburn, J., concur; Jackson, J., concurs in result.

NOTE:—Reported at 240 N.E.2d 49.