MADALYN J. JOHNSON, LARRY JAMES JOHNSON AND PATRICIA ROSE JOHNSON *v.* THE NORTHWESTERN SCHOOL CORPORATION, HOWARD REDDINGTON, JR., AS PRESIDENT AND DONALD O. TAYLOR, KEITH SEYBERT, GLENISTER CASEY AND DALE POOR AS MEMBERS OF THE BOARD.

[No. 1-1075A183. Filed July 28, 1976.]

*Charles A. Thompson,* of Columbus, Ohio, *Bobby Jay Small,* of Indianapolis, for appellants.

*R. Scott Hayes, Scotten & Hinshaw,* of New Castle, for appellees.

## STATEMENT OF THE CASE

LOWDERMILK, J.—Plaintiffs-appellants Madalyn J. Johnson, et al. (hereinafter Madalyn), appeal from a judgment of the trial court which denied her motion for a preliminary injunction against defendants-appellees Northwestern School Corporation, et al., (hereinafter Northwestern).

We affirm.

## FACTS

The facts necessary for our disposition of this interlocutory appeal are as follows: On August 19, 1975, Northwestern adopted the following rule:

"All pupils must have reached their 5th birthday on or before September 1 to enroll in kindergarten for the school year. To enroll in the first grade the pupil must have reached his 6th birthday on or before September 1."

Madalyn became five years of age on September 7, 1975.

Prior to August 19, 1975, Northwestern governed its kindergarten admissions by the following rule:

"Beginning with the 1970-71 school year all pupils must have reached their 5th birthday on or before September 1 to enroll in kindergarten for the school year. To enroll in the first grade the pupil must have reached his 6th birthday on or before September 1. Exception to this rule must be approved by the Board following a recommendation by the Ball State Testing Department. In no case will a student be accepted who has not reached his 6th birthday on or before December 3."

Madalyn's parents had a series of tests conducted which disclosed that Madalyn had a mental age of five years and nine months, and a social age of six years and nine months.

Encouraged by these favorable test results a complaint was filed on September 5, 1975, seeking a permanent injunction mandating Northwestern not to enforce their cutoff date against Madalyn. On September 8, 1975, Madalyn sought a preliminary injunction.

On September 19, 1975, the trial court denied Madalyn's motion for a preliminary injunction and entered its findings of fact and conclusions of law the relevant parts of which are set forth *infra*:

### "SPECIAL FINDINGS OF FACT

The Court now makes and enters the following special findings of fact:

1. The plaintiff, Madalyn J. Johnson, was born on September 7, 1970, and became five (5) years of age on September 7, 1975. . . .

2. The defendant, Northwestern School Corporation, is a public school corporation in Henry County, Indiana. . . .

3. As part of its educational program, the defendant, Northwestern School Corporation, has instituted, and does maintain and operate a kindergarten program.

\* \* \*

8. The defendants have denied plaintiff, Madalyn J. Johnson, admission to kindergarten solely because she was not five (5) years old on September 1, 1975.

\* \* \*

11. Dr. Minnick testified that in his opinion requiring all children to be five (5) years of age by September 1, in order to be admitted to kindergarten, was educationally unsound, and that there should be a ninety-day period of flexibility dependent upon proper testing of children seeking admission. He stated that Madalyn might be harmed educationally, psychologically, and emotionally by denying her admission to kindergarten, and that she was ready for kindergarten at this time. Minnick also testified that Madalyn might not be harmed by delaying her admission to kindergarten.

12. Merrill W. Scott, defendants' Superintendent, testified that he had been a school administrator for twenty (20) years, and a teacher for five (5) years; that based upon his

experience, it was his opinion that a child was more likely to be harmed from early admission to school than by later admission, and that a September first cut-off date was reasonable. Scott also testified that the Defendant Board members, at the August 19, 1975, meeting, discussed their own personal experience and observations concerning children admitted to school at an early age. Scott also admitted that it probably would not be possible to tell the difference between children born on September 1st and on September 7th.

\* \* \*

15. There is no statute of the State of Indiana regulating the age for admission to kindergartens operated by public school corporations in this state.

\* \* \*

## CONCLUSIONS OF LAW

The Court having made and entered its findings of fact, now states its conclusions of law as follows:

1. The law is with the defendants.

2. The defendants had a legal right to adopt a rule regulating the age of pupils for admission to defendants' kindergarten and, by such rule, to require such pupils to be five (5) years of age on or before September first of the school year to be admitted to kindergarten.

3. Defendants' rule regulating the age for admission of pupils to kindergarten is not arbitrary, capricious, or unreasonable, and there is a rational basis for such rule.

4. Defendants have not violated any legal or constitutional right of the plaintiffs by denying plaintiff, Madalyn J. Johnson, admission to kindergarten for the 1975-76 school years.

5. Plaintiffs' application for a preliminary injunction should be denied."

## ISSUE

The only issue before us on this appeal is whether the trial court erred in denying Madalyn's motion for a preliminary injunction.

## DECISION

The rule is well settled that the grant or denial of a temporary injunction rests within the sound discretion of the trial

court, and the judgment of the trial court will not be disturbed unless it can be shown that the decision of the trial court was arbitrary or constituted a clear abuse of discretion. *See Powell* v. *Powell* (1974), 160 Ind. App. 132, 310 N.E.2d 898, 901; *Hickey* v. *Hickey* (1973), 156 Ind. App. 610, 298 N.E.2d 29, 32. An abuse of discretion has been defined by the Supreme Court in *McFarlan* v. *Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 12 N.E.2d 752, 754, as follows:

> "An abuse of discretion is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."

Madalyn contends that the trial court abused its discretion in either one, or all of, four separate ways. We will now address ourselves to these alleged abuses of discretion.

Madalyn first argues that the evidence presented at the hearing on her motion for a preliminary injunction clearly established that she would suffer irreparable harm if her motion was not granted. She points out that Dr. Michael Minnick, a psychologist, testified on direct examination that in his expert opinion Madalyn's future academic success would be harmed if she were required to wait another year to enter kindergarten resulting from the fact that she would be so far advanced over her peers. The possible result of her advancement could be withdrawal, boredom and disciplinary problems.

On cross-examination, Dr. Minnick testified that Madalyn's failure to be admitted to Northwestern's kindergarten program might not result in any immediate harm.

Merrill W. Scott, the Superintendent of Schools for Northwestern, testified that in his opinion it would be better for Madalyn to not start kindergarten until this litigation is brought to a final resolution, than to have her start kindergarten only to be dismissed if the complaint seeking a permanent injunction should not be decided in her favor.

As can be seen, the testimony was conflicting as to any harm which Madalyn might suffer from Northwestern's denial of her admission to kindergarten. It was within the province of the trial court to weigh the conflicting evidence and to judge the credibility of witnesses. *State* v. *Gibbs* (1975), 166 Ind. App. 387, 336 N.E.2d 703, 705; *Lou Leventhal Auto Co., Inc.* v. *Munns* (1975), 164 Ind. App. 368, 328 N.E.2d 734, 738.

On this state of the evidence, we do not feel that the trial court abused its discretion in finding that Madalyn had not shown that she would suffer irreparable harm if her motion for a preliminary injunction was denied.

Madalyn next contends that the fact that she was not tested at Ball State University as required by the School Board prior to August 19, 1975, was not an adequate reason for denying her motion for a preliminary injunction. This contention is not well founded. The record discloses that Madalyn did not follow the procedure which existed on and before August 19, 1975, to invoke the exception provided by the School Board's minimum age rule by being tested and obtaining an admissions recommendation from the Ball State Testing Department. She was tested by Dr. Minnick rather than Ball State.

It was incumbent upon Madalyn to follow the rules promulgated by the Board before she can be heard to complain of unfair treatment. It would have been well within the discretion of the trial court to find that Madalyn's failure to follow existing procedure resulted in a waiver of her right to complain.

However, as we have stated above, the trial court also had before it the conflicting testimony of Dr. Michael Minnick and Mr. Merrill W. Scott, as well as the legal briefs submitted by the parties.

Viewing all of this evidence together, we find the trial court did not abuse its discretion in denying Madalyn's motion for a preliminary injunction.

Madalyn finally urges us to reverse the judgment of the trial court because the School Board was without authority to enact a minimum age rule, the rule does not afford her equal protection of the law, and it violates due process by creating a conclusive presumption.

For us to now decide these issues, would require us to usurp the functions of the trial court by resolving this case on its merits. We must remember that this case is presently before us because the trial court denied Madalyn's motion for a preliminary injunction. Therefore, this case is an appeal from an interlocutory order and not a final judgment. For this reason, we decline to reach the merits. *See Indiana Gas & Water Company, Inc.* v. *Prentice* (1964), 245 Ind. 320, 198 N.E.2d 608, 609.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 352 N.E.2d 531.