THE CITY OF MUNCIE, INDIANA *v.* PIZZA HUT OF MUNCIE, INC. AND AUS-WHIT, INC.

[No. 2-275A23. Filed December 7, 1976.]

*David S. Wallace,* Assistant City Attorney, *Warner, Peckinpaugh & Warner,* of Muncie, for appellant.

*Sidney E. McClellan,* of Muncie, for appellees.

LYBROOK, J.—The City of Muncie, Indiana, defendant-appellant, appeals from being permanently enjoined and restrained from denying to the plaintiffs the way of ingress and egress to and from their property abutting New York Avenue, and from obstructing such ingress and egress. Appellant raises the following issues for review:

(1) Whether the court erred in mandating the City to allow ingress and egress to plaintiffs' property, absent a finding that the City was abusing its police power?

(2) Whether the plaintiffs had an adequate remedy at law, *i.e.* inverse condemnation, and were therefore not entitled to injunctive relief?

The record reveals that plaintiffs-appellees, Pizza Hut of Muncie, Inc., and Aus-Whit, Inc. each own a parcel of commercial property in Muncie. The properties front on Wheeling Avenue, a public street in Muncie, and also have access from the rear of the properties to New York Avenue, another public street which dead ends into the rear of Aus-Whit, Inc.'s property. City, acting on complaints from persons residing on New York Avenue, erected barricades in such a manner as to completely cut off all vehicular traffic between the plaintiffs' property and New York Avenue. From a granting of an injunction restraining the action of the City, it appeals.

## I.

The first issue for our consideration is whether the court erred in mandating the City to allow ingress and egress to plaintiff's properties, and if such injunction was proper absent a finding that the City was abusing its police power. Whether to grant or deny an injunction rests within the trial court's sound discretion and unless it can be shown that the decision of the trial court was arbitrary or an abuse of discretion the court's judgment will not be dis-

turbed. *Weis* v. *Cox* (1933), 205 Ind. 43, 185 N.E. 631; *Johnson* v. *Northwestern School Corp.* (1976), 170 Ind. App. 142, 352 N.E.2d 531. The power of courts to issue injunctions is generally limited to the protection of civil rights and property rights. *Department of Insurance* v. *Motors Ins. Corp.* (1956), 236 Ind. 1, 138 N.E.2d 157.

> "It is settled law in this State that the owner of a lot abutting upon a street may have a peculiar and distinct interest in the easement in the street in front of his lot. This interest includes the right to have the street kept open and free from any obstruction which prevents or materially interferes with the ordinary means of ingress and egress to and from his lot. This is an interest distinct from that possessed by the general public and is a right appendant to the lot and the improvements thereon. *Such means of ingress and egress are as much property as the lot itself. . . ."* (Emphasis added). *Decker* v. *The Evansville Suburban & Newburgh Railway Company* (1892), 133 Ind. 493, 33 N.E. 349.

It is clear that the right to ingress and egress from a public street to private property is the type of interest that may be protected by the issuance of an injunction. Our issue now becomes the determination of the effect of the municipal police power upon the property right.

\* \* \*

> "Police power is the name given to that inherent sovereignty which it is the right and duty of the government or its agents to exercise whenever public policy in a broad sense demands, for the benefit of society at large, regulations to guard its morals, safety, health, order, . . ." *Chicago, etc. R. Co.* v. *Anderson* (1914), 182 Ind. 140, 105 N.E. 49.

In the exercise of police power a sovereignty may even encroach upon the rights of its citizens. *Weisenberger* v. *State* (1930), 202 Ind. 424, 175 N.E. 238.

> ". . . While the State, in the exercise of this power, may subject persons and property to all kinds of restraints and burdens, even to an encroachment upon the natural rights

of the citizen, yet where it manifestly appears that the action of the Legislature is not supported by any reason and is purely arbitrary, thereby invading property rights of an individual, . . . *courts may look to the character and reasonableness of the limitation for the purpose of determining whether or not it reaches beyond the scope of necessary protection and prevention.* In other words, 'they will pass upon the question whether such act has a substantial relation to the police power.' *People* v. *Weiner* (1915), 271 Ill. 74, 78, 110 N.E. 870, L.R.A. 1916C 775, Ann. Cas. 1917C 1065." (Emphasis added). *Weisenberger, supra.*

In the case at bar we do not find evidence in the record revealing that this police action was "for the benefit of society at large, regulations to guard its morals, safety, health, order . . ." *Chicago, etc. R. Co., supra.* In fact, the only justification given for erecting these barricades was the complaints from private citizens residing on New York Avenue. Police power should not be used for the benefit of a relatively small group in the guise of benefiting the public. *Dept. of Financial Institutions* v. *Holt, etc.* (1952), 231 Ind. 293, 108 N.E.2d 629.

We determine that the trial court did not abuse its discretion by ruling that plaintiffs were entitled to have access to their property from New York Avenue. The right to such an access is the type of interest which is protected by injunctive relief. Appellant argues that the extent of the City's police powers should be ascertained by the particular circumstances of the case. *City of San Antonio* v. *Pigeonhole Parking of Texas* (1958), 158 Tex. 318, 311 S.W.2d 218. While police power may in certain instances encroach upon rights such as the ones involved here, the facts in the present case do not justify the denial of these rights. We are not persuaded by the fact that plaintiffs had another access to their property on Wheeling Avenue. When property abuts a public street there is a right to have access to that street. *Decker, supra.* The fact that property abuts more than one

street should not affect a person's interest in having access to each of those streets and that interest cannot be denied by police power without proper justification.

## II.

The second issue for our consideration is whether the plaintiffs had an adequate remedy at law, *i.e.* inverse condemnation, and were therefore not entitled to injunctive relief. We determine that injunctive relief is the proper remedy in the case at bar. Injunctive relief will not lie where there is an adequate remedy at law. *Livingston* v. *Livingston* (1921), 190 Ind. 223, 130 N.E. 122. Therefore, to be entitled to relief it is necessary for the plaintiff to establish anticipated or actual violation of a right which, if not enjoined, would result in substantial or irreparable injury for which there is no adequate legal remedy. *Tinder* v. *Music Operating, Inc.* (1957), 237 Ind. 33, 142 N.E.2d 610. In the case at bar we have already established that plaintiffs' property right of ingress and egress from a public street has been interfered with. The record also indicates that the barricades have caused irreparable injury to the businesses because of speculative damages and the continuing nature of the injury. We determine that the legal remedies are inadequate to relieve this irreparable continuing injury and that injunctive relief is proper.

Judgment affirmed.

Robertson, C.J. and Lowdermilk, J., concur.

NOTE.—Reported at 357 N.E.2d 735.