**Wayne R. McCLUE and Warren T. McClue, Appellants (Defendants Below),**

v.

**The STEUBEN LAKES REGIONAL WASTE DISTRICT, Appellee (Plaintiff Below).**

**No. 76A04–8704–CV–106.**

Court of Appeals of Indiana, Fourth District.

Aug. 24, 1987.

Rehearing Denied Sept. 29, 1987.

Albert M. Friend, Angola, David Peebles, Fort Wayne, for appellants.

Allen N. Wheat, Wheat & Stout, Craig T. Benson, Angola, for appellee.

CONOVER, Judge.

Defendants-Appellants Wayne R. McClue and Warren T. McClue (the McClues) take this interlocutory appeal in a condemnation proceeding instituted by Plaintiff-Appellee Steuben Lakes Regional Waste District

(Steuben Lakes) seeking to take the McClues' land for a public use.

We affirm.

ISSUES

The McClues present one issue for review, whether the use of their land proposed by Steuben Lakes is a public use.

FACTS

In lieu of a central filtration plant, Steuben Lakes sought to establish "cluster systems" to provide sewage disposal to homes in its region. The cluster system operates by having a central filter bed to which sewage is pumped from a cluster of homes. The sewage bed is a large septic system with a central collection area and perforated pipe running in gravel bedding extending out from the collection area from which effluent escapes into the soil.

The federal government provides 85 percent of the cost for the systems, and the state government 6 percent; leaving the land owners to pay only 9 percent of the cost. The system objected to by the McClues would support 41 properties. Thirty-seven property owners have signed up for the system here at issue. Houses built before December 26, 1977, could hook up to the system for $910. Houses built after this date could hook up to the system for $10,111.11, the cost without federal and state funding. A hook-up could be compelled if an owner lived within 300 feet of a pipeline running to the central field.

The land to be used for the sewage bed is owned by the McClues. Steuben Lakes began condemnation proceedings on October 24, 1986. Objections were filed by the

McClues and a hearing was held. On February 25, 1987, the court ruled the use of the McClues' land was for a public use and for public purposes. From this ruling the McClues appeal.

DISCUSSION AND DECISION

The McClues argue the taking of their land for a cluster system is not for a public use.[1] We disagree.

As a general rule, which is sometimes declared by statute, the construction of sewers, *or other provision for disposing of sewage,* is a public use for which private property may be condemned,....

A sewer is none the less a public use because the city agrees to allow a hotel outside of the city limits to share in the benefit of the improvement, or because the sewer will primarily serve a particular group of persons, or because the developer of an addition will incidentally benefit from the sewer line. (Emphasis added).

29A C.J.S. *Eminent Domain* § 54, p. 290–291.

Our legislature has vested regional waste districts with the power of eminent domain. IND. CODE 13–3–2–10(b)(18). The McClues cite no authority holding sewage lines and sewage collection systems are not for a public use, nor have we found any on our own.

◼ The McClues claim since only 41 residences may benefit from the cluster system, a private rather than a public benefit accrues. A use is not characterized as public or private simply by the number of

---

1. The McClues cite only three cases in support of their position. Only one is applicable to the issue of whether the taking of land for sewage disposal is for a public purpose. This case, *Machado v. Board of Public Works of Arlington* (1947), 321 Mass. 101, 71 N.E.2d 886, 888, stands in direct opposition to the McClues' position:

   That the laying out of sewers is a public purpose which will justify the taking of private property by eminent domain can hardly be doubted. In discussing a provision in the charter of the city of Lowell by which the city was given the right to lay out sewers through private lands upon payment of compensation to the owners, this court said in *Hildreth v.*

*Lowell,* 11 Gray 345, 350, 351: "The purpose of the legislature in the enactment of this provision is very plain. It was to place in possession of the city council the means of abating nuisances offensive to the community and dangerous to the health of the people. The objects therefore to be accomplished by the exercise of the power it confers are so obviously connected with means to be adopted for the promotion of the general welfare of the community, and in which all citizens have a common interest, that the suggestion of a want of constitutional power in the legislature for its enactment seems to be entirely without foundation."

persons it serves. *See Machado, supra,* and *State v. Buck* (1967), 94 N.J.Super. 84, 226 A.2d 840, 842. Neither is the character of use changed from public to private merely because some private use or benefit will be conferred upon certain land owners.

██ The cluster system is a method which Steuben Lakes intends to use throughout the entire waste district. Each cluster system is but one part of the plan for the district Steuben Lakes is attempting to service. The disposal of wastes safely and effectively is a matter of public interest and concern, and Steuben Lakes proposes to serve that interest by building a cluster system. Whether to use a central filtration plant or a cluster system lies within the discretion of Steuben Lakes. Our courts have stated:

> The necessity and expediency of taking property for public use is a legislative question, and where the intended use is public, this question may be determined by such agency and in such manner as the legislature may designate.

*Rassi v. Trunkline Gas Company* (1968), 262 Ind. 1, 240 N.E.2d 49, 53.

Steuben Lakes has the power and authority to determine which method is best suited to the effective disposal of sewage in its district and to condemn the land necessary to effectuate that determination. *See* IC 13–3–2–10.

Affirmed.

MILLER, P.J., and BUCHANAN, J., concur.