**INDIANA DEPARTMENT OF TRANSPORTATION, Appellant–Defendant,**

v.

**SOUTHERN BELLS, INC., d/b/a Taco Bell, et al., Appellee–Plaintiff.**

No. 82A01–9908–CV–261.

Court of Appeals of Indiana.

Nov. 19, 1999.

Publication Ordered Jan. 19, 2000.

Jeffrey A. Modisett, Attorney General of Indiana, Barbara Gasper Hines, Deputy Attorney General, Attorneys for Appellant.

Leslie C. Shively, Fine & Hatfield, Evansville, Indiana, Attorney for Appellee.

## OPINION

GARRARD, Judge.

### Case Summary

The Indiana Department of Transportation ("INDOT") appeals the trial court's denial of its motion to dismiss and grant of a preliminary injunction to Southern Bells, et al. ("Business Owners"). INDOT asserts that there is an adequate legal remedy which precludes the grant of injunctive relief. We reverse and remand.

### Facts and Procedural History

INDOT issued a permit to Hahn Development to construct road improvements in the state's right-of-way at the intersection of State Road 62 (also referred to as the Lloyd Expressway) and Red Bank Road in Vanderburgh County, Indiana. In the permit process, Hahn submitted construction plans which were approved by INDOT. State Road 62, westbound, has two through lanes, a right turn lane, and a left turn lane at Red Bank Road. State Road 62, eastbound, has two through lanes and a left turn lane at Red Bank Road. Red Bank Road is a two-lane road. There is a private frontage road approximately 140 feet south of the eastbound edge of the pavement of State Road 62. The Business Owners are located on the private frontage road. There are entrances to the access road from Red Bank Road, Rosenberger Road, by the Steak & Shake, and another entrance by Schnucks grocery store. The entrance to the access road from Red Bank Road is within the state's right-of-way for State Road 62.

Under the road improvement project to be completed by Hahn, State Road 62 will have two left turn lanes for traffic turning south onto Red Bank Road. There will be three lanes of traffic in each direction on Red Bank Road. A six inch concrete curb median will be constructed from State Road 62 and will extend past the entrance to the frontage road. The median conforms to state engineering standards. A traffic impact study was prepared by Bernardin Lockmueller & Associates indicating that the increased traffic in the area posed safety concerns at the State Road 62/Red Bank Road intersection. The Evansville Urban Transportation Study, the county and city engineers, and the Area Planning Commission reviewed and approved the study. At a private meeting, INDOT, along with these entities, concluded that the median was necessary for public safety. The proposed median will

extend past the access road thereby preventing southbound traffic on Red Bank Road from turning onto the access road to reach the Business Owners' establishments.

The Business Owners moved for a temporary injunction, enjoining the road improvements on Red Bank Road. INDOT moved for dismissal based on the Business Owners' failure to state a claim for relief. The trial court granted the Business Owners a temporary injunction and denied INDOT's motion for dismissal.

### Discussion and Decision

INDOT asserts that the trial court erred in granting the injunction because the Business Owners have an adequate remedy at law. "The grant or denial of an injunction lies within the sound discretion of the trial court and will not be overturned unless it was arbitrary or amounted to an abuse of discretion." *Wagler Excavating v. McKibben Const.,* 679 N.E.2d 155, 157 (Ind.Ct.App.1997) (citing *Saurer v. Board of Zoning Appeals,* 629 N.E.2d 893, 896 (Ind.Ct.App.1994)), *trans. denied.* The party seeking an injunction carries the burden of demonstrating an injury which is certain and irreparable if the injunction is denied. *Id.* In determining whether to grant an injunction, the trial court must weigh whether the party seeking the injunction has an adequate remedy at law and the court must consider whether the injunction is in the public interest. *Dible v. City of Lafayette,* 713 N.E.2d 269, 272 (Ind.1999). If the movant fails to prove any one or more of the requirements for injunctive relief, a grant of a preliminary injunction is an abuse of discretion. *Jay County Rural*

*Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.,* 692 N.E.2d 905, 909 (Ind.Ct.App.1998), *trans. denied.*

INDOT asserts that the Business Owners have an adequate remedy at law, inverse condemnation [1], and thus injunctive relief is improper. In their reply brief, the Business Owners contend that injunctive relief is proper because INDOT's actions were for a private purpose and INDOT failed to comply with the eminent domain statutory procedures.

Although injunctive relief may be necessary to remedy interference with landowner rights for a private purpose, where an alleged taking occurs for what is clearly a public purpose, equitable relief is generally unavailable as a matter of law where an action for compensation can be brought subsequent to the taking. *Dible,* 713 N.E.2d at 274. In the present case, INDOT established a valid public purpose for the median construction: public safety. A traffic study prepared by Bernardin Lockmueller & Associates indicated that the Hahn development would increase traffic at the intersection. The Evansville Urban Transportation Study, the city and county engineers, and the Area Planning Commission all reviewed and approved the study. Due to the increased traffic that would be created by the Hahn development, INDOT determined that a median was necessary to protect the public safety. In its order, the trial court acknowledged that INDOT had a legitimate public purpose in constructing the median.

The Business Owners contend, however, that the road improvements are for the sole benefit of a private entity, Hahn De-

---

**1.** Inverse condemnation is a cause of action against an entity with the power to condemn (usually a governmental defendant) to recover the value of property which has been taken in fact, even though no formal exercise of the power of eminent domain has been attempted by the taking agency. "While the typical taking occurs when the government acts to condemn property in the exercise of its power of eminent domain, the entire doctrine of inverse condemnation is predicated on the proposition that a taking may occur without such formal proceedings." The action is brought by the owner rather than the condemnor. It is not based on tort, but on the constitutional prohibition of the taking of property without just compensation. *City of Gary v. Belovich,* 623 N.E.2d 1084, 1090 n. 1 (Ind.Ct.App.1993) (citations omitted).

velopment, and thus an injunction is appropriate. *See City of Muncie v. Pizza Hut,* 171 Ind.App. 397, 357 N.E.2d 735, 737–38 (1976) (finding injunctive relief proper for a taking determined to be private because it served to benefit only a few citizens). We disagree. As the trial court concluded, given the growth in the area, the road improvements are necessary for public safety. Although private entities may benefit, the purpose is for public safety. *Highland Realty, Inc. v. Indianapolis Airport Authority,* 182 Ind.App. 439, 395 N.E.2d 1259 (1979) (holding that exercise of eminent domain for a public purpose which is primary will not be defeated by the fact that an incidental private use or benefit will result). Given this valid public purpose, if and to the extent INDOT's actions constitute any taking of the Business Owners' property interests, they would be entitled to just compensation.[2] However, there is an adequate legal remedy available to them: a suit for inverse condemnation. *See* IND.CODE § 32–11–1–12[3]; *see also VanKeppel v. County of Jasper,* 556 N.E.2d 333, 337 (Ind.Ct.App.1990) (finding that the appropriate remedy for a public taking of private land is a damage claim in inverse condemnation).

■ The Business Owners, however, contend they are entitled to an injunction because INDOT failed to comply with the procedures of the eminent domain statute. We find this argument unavailing. As the supreme court noted in *Dible,* "it is precisely such instances—where interests in land are taken for public use without having been obtained under the eminent domain statute—for which IND.CODE § 32–11–1–12, authorizing inverse condemnation actions, is designed." *Dible,* 713 N.E.2d at 273–74 n. 7. Thus, injunctive relief is improper.

■ Furthermore, absent fraud, bad faith, or arbitrary and capricious behavior on the part of INDOT, the court may not interfere with INDOT's decision to construct a median strip on Red Bank Road. Our courts have clearly recognized the authority of the legislature over the state highway system. *State v. Roberts,* 226 Ind. 106, 76 N.E.2d 832, 835 (1948). Under the separation of powers doctrine, courts are prohibited from substituting their judgment for that of the legislature where the legislature has not acted arbitrarily. Ind. Const. art. IV, § 1; *see also Rassi v. Trunkline Gas Co.,* 262 Ind. 1, 240 N.E.2d 49, 53 (1968). In the present case, the trial court acknowledged a public purpose and found no evidence of bad faith or arbitrary behavior by INDOT. However, the court proceeded to grant an injunction to the Business Owners. The fact that the court and the Business Owners may perceive a better design that would appear to satisfy all the parties involved does not permit the court to grant injunctive relief.

The Business Owners seek only injunctive, not monetary, relief. They seek to prevent INDOT from performing an action that it not only has the express legislative power, but the responsibility, to perform. *See* IND.CODE § 8–23–2–4.1. Thus, the trial court abused its discretion in granting injunctive relief to the Business Owners. *See Town Board of Orland v. Greenfield Mills,* 663 N.E.2d 523 (Ind.1996) (holding that injunctive relief is improper when there exists an adequate legal remedy and therefore the landowners' complaint seeking only injunctive relief must be dismissed). The Business Owners' claim for injunctive relief is inappropriate under these facts because they have an adequate remedy at law.

---

2. We do not find it necessary to decide whether or not such a taking has occurred.

3. IND.CODE § 32–11–1–12 provides that a person having an interest in land which has been taken for public use without having been appropriated under the procedures set forth in IND CODE § 32–11–1–1, et. seq., may proceed to have his damages assessed in accordance with that chapter.

Reversed and remanded with instructions to dismiss the Business Owners' complaint.

SULLIVAN, J. and BAILEY, J. concur.

## ORDER

This Court having heretofore on November 19, 1999, handed down its opinion in this appeal marked Memorandum Decision, Not for Publication; and

Comes now the Appellant, by counsel, and files herein its Motion to Publish, alleging therein that this opinion merits publication, because the opinion creates new precedent on issues of public importance in that this Court has not previously addressed the issue of separation of powers in public works projects in any other published decision and therefore the publication of the opinion in this case may preclude the need for substantial additional judicial resources to be committed to similar cases at a later date and prays this Court to publish the opinion in this case, which said Motion is in the following words and figures, to-wit:

(H.I.)

And the Court, having examined said Motion and being duly advised, now finds that the same should be granted and the opinion in this case heretofore handed down as a Memorandum Decision, Not for Publication, should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1.  The Appellant's Motion to Publish is granted:
2.  This Court's opinion in this case heretofore handed down on November 19, 1999, marked Memorandum Decision, Not for publication, is now ordered published.