CORA B. T. BURNETT AND JOHN C. BURNETT, PLAIN-TIFFS-APPELLANTS, v. RANSFORD J. ABBOTT, INDI-VIDUALLY AND AS STATE HIGHWAY COMMISSIONER, DEFENDANT-RESPONDENT.

Argued December 14, 1953—Decided January 11, 1954.

292

*Mr. Irving Riker* argued the cause for the appellants (*Messrs. Riker, Emery & Danzig,* attorneys).

*Mr. Francis V. D. Lloyd* argued the cause for the respondent (*Mr. Theodore D. Parsons,* Attorney-General, attorney).

The opinion of the court was delivered by

OLIPHANT, J. This cause has been certified here on our own motion pursuant to *R. R.* 1:2–1(*d*) and *R. R.* 1:10–1. It is an appeal from an order entered on August 26, 1953, modifying a preliminary injunction granted to the appellants on June 29, 1953, which restrained the respondent, the State Highway Commissioner, from proceeding with the condemnation of certain properties owned by the appellants and from entering upon such property pending the final hearing of the matter.

The State Highway Commissioner had determined to acquire all of 55 acres of certain property belonging to the appellants in the Borough of Alpine, New Jersey, for the construction of the Palisades Inter-State Parkway, the building of which was authorized by *L.* 1947, *c.* 74, which statute authorizes and directs the State Highway Commissioner to construct a parkway east of State Highway No. 1 from the George Washington Bridge to the New York State line. The dispute between the parties arose when the appellants

offered to give to the State of New Jersey 30 acres of their land on the west side of State Highway No. 1 if the proposed Palisades Inter-State Parkway would run through the proffered property and thus avoid bisecting the residential 55- acre tract here in question which is east of State Highway No. 1. The State Highway Commissioner, after considering all the factors involved, made the determination that the parkway route should run east of State Highway No. 1 and over a course which would necessitate the taking of 22 acres of the appellants' 55-acre plot of residential property.

We have examined the facts in this case closely and have come to the conclusion that the issue is factual and involves the judgment of the State Highway Commissioner in laying out the route as directed by the statute. Such a question is not a judicial question but a legislative one, and when the Legislature itself determines that public necessity and convenience require the appropriation of private property for a particular public improvement the owner of the land so appropriated is not entitled to a judicial hearing upon the utility of the proposed improvement, the extent of the public necessity for its construction and the expediency of constructing it. *Scudder v. Trenton Delaware Falls Co.*, 1 *N. J. Eq.* 694 (*Ch.* 1832) ; *The Tide-Water Co. v. Coster*, 18 *N. J. Eq.* 518 (*E. & A.* 1866) ; *Central R. R. Co. of N. J. v. Penna. R. R. Co.*, 31 *N. J. Eq.* 475 (*Ch.* 1879).

The cases and authorities are in agreement that in condemnation proceedings the quantity of land to be taken, its location and the time of taking are within the discretion of the body endowed by the Legislature with the right of eminent domain. *City of Newark v. New Jersey Turnpike Authority*, 7 *N. J.* 377, 385 (1951) ; 1 *Nichols Eminent Domain, sec.* 4.11 (1) *et seq.* Where a statute providing for a highway system designates particular routes without selecting the specific highways the department vested with authority to make final decisions in carrying out the work has authority to select the particular highways within reasonable limits on the highway route designated by the

statute. *Mayor, etc., Elizabeth v. New Jersey Turnpike Authority,* 7 *N. J. Super.* 540, 545 (*Ch. Div.* 1950). The amount and extent of the taking is left to the discretion of the legislative agent and it will not be interfered with by the courts when it is exercised in good faith. The court only interferes where there is a plain case of abuse of discretion in the exercise of the power of eminent domain in excess of the public use upon which it is bottomed in a particular instance. *Central R. R. Co. of N. J. v. Penna. R. R. Co., supra;* 1 *Nichols on Eminent Domain, sec.* 4.11(3).

We find no such abuse of discretion on the part of the State Highway Commissioner in selecting the challenged route.

The order of August 26, 1953, modifying the broad preliminary injunction granted appellants on June 29, 1953, is hereby affirmed. The questions reserved therein for decision on final hearing are not before this court at this time and therefore are not considered.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.