39 N.J. Super. 286 (1956)
120 A.2d 886
TENNESSEE GAS TRANSMISSION COMPANY, A CORPORATION OF THE STATE OF DELAWARE, PLAINTIFF-RESPONDENT,
v.
LOUIS A. HIRSCHFIELD AND MARGOT HIRSCHFIELD, HIS WIFE, DEFENDANTS-APPELLANTS, AND THE TOWNSHIP OF MAHWAH, ETC., ET AL., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 1956.
Decided March 7, 1956.
*287 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Howard Stern argued the cause for appellants (Mr. Peter Hofstra, attorney).
Mr. Irving C. Evers argued the cause for respondent (Mr. Walter H. Jones, attorney).
The opinion of the court was delivered PER CURIAM.
The subject matter of this appeal is revealed by our previous opinion reported in 38 N.J. Super. 132 (App. Div. 1955), in conformity with which the proceedings were remanded to the trial court "with the direction that they be reopened to enable defendants' counsel to cross-examine plaintiff's affiant and to afford the parties the privilege of introducing such additional evidence and of taking such other proceedings as may be occasioned by the narrow issue under consideration."
*288 The supplemental appendix embracing the desired cross-examination of the plaintiff's affiant, the additional testimony taken pursuant to our previous mandate, and the conclusion of the trial judge have been submitted to us. The subsequent decision of the trial judge is like the former in favor of the plaintiff. Counsel have again been afforded the opportunity of oral argument.
The following statement embodied in our previous opinion may be appropriately repeated.
"We find it to be entirely settled law that the quantity of land to be taken, as well as its location, are matters lying within the discretion of the body endowed with the right of eminent domain; and further that the exercise of this discretion will not be upset by the courts in the absence of an affirmative showing of fraud, bad faith or manifest abuse. City of Trenton v. Lenzner, 16 N.J. 465, 473, 481 (1954)  where the city had other land in the locality which it could have used for a parking lot; City of Newark v. New Jersey Turnpike Authority, 7 N.J. 377, 380, 382, 385 (1951)  where one of Newark's complaints was that in the laying out of the Turnpike, there was `an excessive taking of potentially valuable land'; Burnett v. Abbott, 14 N.J. 291 (1954); Town of Bloomfield v. New Jersey Highway Authority, 18 N.J. 237, 240 (1955); Transcontinental Gas Pipe Line Corp. v. Borough of Milltown, 93 F. Supp. 287, 292 (D.C.D.N.J. 1950); 29 C.J.S., Eminent Domain, § 92, p. 888.
The question then is whether the plaintiff in laying out the proposed route, was actuated by improper motives, bad faith or some other consideration amounting to a manifest abuse of the power of eminent domain."
The trial judge resolved that the evidence failed to disclose that the plaintiff in the selection of its proposed route was motivated by fraud, bad faith, or other manifest abuse in its discretionary exercise of its accorded power of eminent domain.
Our study of the evidence as now augmented does not induce us to disagree with the findings of the trial court.
Affirmed.