76 N.J. Super. 524 (1962)
185 A.2d 38
COUNTY OF BERGEN, A BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
S. GOLDBERG & CO., INC., A NEW JERSEY CORPORATION, DEFENDANT, AND THE CITY OF HACKENSACK, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 17, 1962.
Decided October 25, 1962.
*526 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. George A. Brown argued the cause for appellant.
Mr. Milton T. Lasher argued the cause for respondent.
PER CURIAM.
The City of Hackensack appeals from a Law Division judgment in favor of the County of Bergen for condemnation by the county of certain lands in the City of Hackensack and appointing three commissioners to examine and appraise the property and to assess the damages for the taking, including the damage, if any, resulting to any remaining property.
The lands in question comprise a tract of some 11 acres with riparian rights on the Hackensack River. The city had sold these lands to defendant S. Goldberg & Co., Inc. (Goldberg), with the requirement that it construct a building costing no less than $300,000 on or before November 1, 1962. In the event Goldberg failed to do so, it was to pay the city taxes in an amount equal to that which would be assessed against a $300,000 building. Goldberg did not contest the condemnation in the trial court and will abide by our determination.
The complaint, filed December 20, 1961, alleges that the Bergen County Board of Chosen Freeholders had, by resolution, determined that it was necessary to acquire the 11-acre tract for improvement and enlargement of the site and facilities of the county court house and administrative building. (It was, however, recognized on the adjourned return date of the order to show cause, about to be mentioned, that the acquisition was for jail facilities.) The county having been unable to acquire the property by agreement, the board authorized its acquisition by condemnation. The persons named as having an interest were Goldberg as owner, and the city by reason of its deed reservations. The complaint demanded judgment against them and the appointment of three commissioners in accordance with the Eminent Domain Act, R.S. 20:1-1 et seq., as amended and supplemented.
*527 Upon the filing of the complaint and its accompanying affidavit, the court ordered defendants to show cause on January 12, 1962 why judgment should not be entered granting the relief prayed for. At the request of the city, the return day was continued to February 2 and further time granted for the filing of an answer. The city's answer admits the county's power to condemn. By way of affirmative defenses the city alleged:
(1) It had voluntarily cooperated in the Bergen County Sewer Authority's sewerage development project, not only because it would benefit the city but would make available for industrial development, with resultant tax ratables, lands formerly used by the city for sewage disposal. Condemnation would frustrate the development and was therefore arbitrary and unreasonable.
(2) The 11-acre tract was unique and valuable land, suitable for industrial development, and for the county to acquire it represented an unwarranted and unnecessary use of tax revenues, and was arbitrary and unreasonable.
(3) There was no public necessity for the condemnation of this particular tract since adequate county lands existed on which the expanded jail facilities could be placed. To condemn the tract would therefore be an abuse of reasonable discretion.
(4) The county's action was discriminatory because it placed additional burdens on the city as the county seat, other lands outside the city limits being available and more appropriate for the proposed development.
On the adjourned date of the order to show cause, counsel for the city stated that he did not question the authority of the county to condemn, nor did the city charge fraud or bad faith. He insisted, however, that the condemnation amounted to an abuse of discretion, as asserted in the affirmative defenses. The trial court pointed out that these allegations did not constitute proof, and he called upon counsel to produce his witnesses. He said he was not prepared to do so, although insisting that he was entitled to produce evidence. The judgment under appeal was then entered.
At oral argument counsel agreed that we might examine and refer to the freeholder board resolution authorizing the condemnation and appropriating $431,000 for the improvement, *528 as well as the grand jury recommendations and the report of the citizens committee about to be mentioned.
The Bergen County grand jury had on August 9, 1956 handed up a presentment to the assignment judge  the same judge who sat in this matter  endorsing the sheriff's recommendation that steps be undertaken immediately for enlarging the county jail facilities. It recommended the appointment of a fact-finding committee to investigate the needs of the county in this regard as well as with respect to other matters referred to in the presentment. On December 28, 1956 the successor grand jury brought in a presentment wherein it concluded that the sheriff's recommendations for the improvement of the penal system were reasonable, practical and in the best interests of the people of Bergen County. The grand jury therefore recommended that necessary steps be taken to construct a modern penal institution conforming to present-day concepts of penology.
The fact-finding committee which the first grand jury had recommended was duly appointed, considered the matter, and submitted a report on June 6, 1961 recommending the construction of a county workhouse. The committee selected and recommended as a suitable site the premises now under condemnation. Thereafter, the freeholder board on July 19, 1961 adopted the resolution already mentioned.
Concededly, a county may acquire by condemnation any real estate within its limits "which it may deem necessary or useful for the proper exercise of any power expressly or impliedly conferred upon it." R.S. 40:32-2. One of the powers expressly conferred upon counties is to "acquire and maintain such buildings as may be necessary and suitable for * * * jails, workhouses, penitentiaries, houses of detention * * *." N.J.S.A. 40:32-3. The determination of the freeholder board that the acquisition of the property in question was necessary for a workhouse and jail is conclusive in the absence of abuse of power, fraud or bad faith.
Our law is settled that the determination that it is necessary, useful and suitable to acquire property by eminent *529 domain is an administrative determination, discretionary in character, by the body endowed by the Legislature with the power to make it. Falling well within the ambit of that discretion is the quantity of land to be taken, its location, and the time of taking. Such determination will not be upset by the courts in the absence of an affirmative showing of fraud, bad faith or a manifest abuse. City of Trenton v. Lenzner, 16 N.J. 465, 472-4 (1954); Burnett v. Abbott, 14 N.J. 291, 294-5 (1954); Tennessee Gas Transmission Co. v. Hirschfield, 38 N.J. Super. 132, 138 (App. Div. 1955); Essex County v. Hindenlang, 35 N.J. Super. 479, 492 (App. Div. 1955).
Prior to the 1953 amendment of R.S. 20:1-2 of the Eminent Domain Act the appointment of condemnation commissioners was made by the judge before whom the proceeding was brought as a mere legislative agent; no judicial function was involved. Bergen County Sewer Authority v. Borough of Little Ferry, 5 N.J. 548, 552 (1950). Review, before September 15, 1948, was by writ of certiorari, Ryan v. Housing Authority of Newark, 125 N.J.L. 336, 342 (Sup. Ct. 1940); R.S. 20:1-8; thereafter, and until November 3, 1952, by a separate proceeding in lieu of prerogative writs brought in the Superior Court, Law Division, Bergen County Sewer Authority v. Borough of Little Ferry, above; and thereafter, to July 1, 1953, by appeal to the Appellate Division, In re Buckeye Pipe Line Co., 13 N.J. 385, 388 (1953). By reason of L. 1953, c. 20 (N.J.S.A. 20:1-2) appointment of three commissioners in condemnation was made by "an action in the Superior Court." In such action the court was to exercise "its full jurisdiction, including jurisdiction to determine the right to exercise the power of eminent domain," and could proceed "in a summary manner or otherwise." Tennessee Gas Transmission Co. v. Hirschfield, above, 38 N.J. Super., at pages 135-6.
Presently an action in condemnation is instituted by a complaint and an order to show cause, pursuant to R.R. 4:85-1 et seq., R.R. 4:92-1. The order to show cause must *530 be so framed as to notify defendants fully of the terms of the judgment sought, R.R. 4:85-2, and this was done in the present case. The defendants may answer, file an answering affidavit, or file a motion returnable on the return day, and at the hearing the trial court "may for good cause order the action to proceed as in a plenary action wherein a summons has been issued." R.R. 4:85-4. R.R. 4:85-5 directs that the court "shall try the action on the return day, or on such short day as it may fix."
Defendant city claims it has been deprived of its day in court because the trial judge denied its request for a plenary hearing. All that defendant did here was to file an answer containing affirmative defenses conclusory in nature. The order to show cause was notice to the city that the matter would be determined on the return day, February 2, 1962. At the least, it should have filed affidavits precisely spelling out the basis for its objection, first made on the return day, that the freeholder board had abused its discretion. Having failed to file affidavits raising a definite issue of fact, it should have come prepared to offer proofs in support of its objection.
A landowner or person having an interest in the property to be condemned ordinarily has no right to a judicial hearing on the necessity of the public improvement, or on the necessity and expediency of taking his land for the improvement. Trenton v. Lenzner and Burnett v. Abbott, above; 1 Nichols on Eminent Domain (3d ed. 1950), § 4.11, p. 383. His constitutional rights are protected when he is given an opportunity to be heard on the amount of his damages. Port of New York Authority v. Heming, 34 N.J. 144, 155 (1961). The return day of the order to show cause was the appropriate time for defendant city to offer its proofs, for it knew, better than anyone else  since the owner remained neutral  whether a disputed factual issue was involved. It offered no reason for a postponement. The trial judge therefore properly entered judgment in plaintiff's favor.
Affirmed.