COUNTY OF BERGEN, A BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. S. GOLDBERG & CO., INC., A NEW JERSEY CORPORATION, DEFENDANT, AND THE CITY OF HACKENSACK, A MUNICIPAL CORPORATION, DEFENDANT-APPELLANT.

Argued February 18, 1963—Decided March 4, 1963.

378

*Mr. George A. Brown* argued the cause for defendant-appellant (*Messrs. Morrison, Lloyd & Griggs,* attorneys; *Mr. Donald W. DeCordova,* on the brief).

*Mr. Milton T. Lasher,* Bergen County Counsel, argued the cause for plaintiff-respondent.

The opinion of the court was delivered

PER CURIAM. This is a condemnation case. The County of Bergen resolved to take lands in the City of Hackensack owned by defendant S. Goldberg & Co., Inc., for a county correctional institution. The City of Hackensack was joined as defendant because it had sold the property to the codefendant under an agreement requiring the purchaser to erect certain improvements, in order to increase the tax ratables.

The order to show cause was returnable on January 12, 1962 and was continued by consent order to February 2, 1962. The City of Hackensack filed its answer in which in essence it contended that it was arbitrary to select this property for the public improvement. The adjourned date was the regular motion day. When the matter was reached, the city asked that a trial date be fixed, but the trial court refused, holding the city must proceed with its proof. The city failing to do so, judgment was entered in favor of the county. The city appealed to the Appellate Division, which affirmed the judgment. We granted the city's petition for certification. 39 *N. J.* 87 (1963).

The county urges the city lacks sufficient interest to prosecute the appeal. The city was named a party defendant because of the agreement embodied in the deed between it and its vendee for the erection of a ratable. We have no doubt that that circumstance alone establishes the city's standing. We go then to the critical question whether the trial court should have continued the trial date.

*N. J. S. A.* 20:1–2 reads:

"The party exercising the right of taking land or other property by eminent domain shall institute an action in the Superior Court for the appointment of three commissioners to fix the compensation to be paid for the taking of the property, including the damage, if any, resulting from such taking, to any remaining property. In any such action, the court shall have and shall exercise its full jurisdiction, including jurisdiction to determine the right to exercise the power of eminent domain; and the court may proceed in the action in a summary manner or otherwise."

In harmony with this statute, our rules provide for summary proceedings. *R. R.* 4:92–1, in dealing with an action in condemnation, refers to *R. R.* 4:85, which sets forth the procedure in summary matters.

The aim of a summary proceeding is to expedite the litigation. So, instead of a summons, the initiating process is an order to show cause, *R. R.* 4:85–3, in which the return day may be and usually will be short of the time for answer where the process is a summons. *R. R.* 4:85–4 requires defendant, prior to the return day, to serve "(a) an answer, (b) an answering affidavit, or (c) a motion returnable on the return day." Finally, *R. R.* 4:85–5 provides:

"The court shall try the action on the return day, or on such short day as it may fix. If no objection is made by any party or the defendants have defaulted in the action, or the affidavits show palpably that there is no genuine issue as to any material fact, the court may try the action on the pleadings and affidavits, and render final judgment thereon. If any party objects to such a trial and there may be a genuine issue as to a material fact, the court shall hear the evidence as to those matters which may be genuinely in issue, and render final judgment. Where so provided in an applicable statute, the action shall be tried by jury, unless waived by the parties in writing."

It is apparent from the rule just quoted that the right of a litigant to be heard is not diminished in the least by the "summary" nature of the proceeding. Rather expedition is achieved by short-cutting procedural steps to the end that the merits will be tried at the earliest time consistent with fair-

ness. The city having filed an answer in accordance with *R. R.* 4:85–4, it was entitled to have the issue it raised tried in an appropriate way. There being an issue of fact which was not concluded by affidavit, a trial was required "on the return day, or on such short day as it [the court] may fix."

■ Here counsel for the city assumed that the court would not hear the case on the regular motion day, but rather would fix a "short day." Instead of so assuming, counsel should have made inquiry in advance of the return day. Yet the failure is, we think, understandable, and sufficiently so that the client's right to be heard should not be denied. An adjournment of a few days would have satisfied the needs of all.

At the oral argument we asked counsel for the city to represent to us what proof he had to support the answer he filed. He submitted a written statement, in reponse to which counsel for the county offered some material. The factual issue is not whether the county was wise or unwise in its choice of a location, but rather whether its decision was plainly an abuse of power, an arbitrary exercise of the discretion vested in the county. *Burnett v. Abbott,* 14 *N. J.* 291 (1954); *County of Essex v. Hindenlang,* 35 *N. J. Super.* 479, 492 (*App. Div.* 1955). With that test in view, the offer is not very impressive, but since we are reluctant to say that a case could not be made out upon oral examination, we feel the public interest would be served by according the litigants the opportunity to air their dispute in the courtroom.

The judgment is accordingly reversed and the matter remanded to the trial court, with these directions for the future course of the litigation:

1. The trial shall commence within ten days from the filing of this opinion and to that end our mandate shall issue forthwith.

2. An appeal from the judgment entered thereon may be taken within ten days from the date thereof and not thereafter, and either party may then apply to the Appellate Division for an order limiting the time for briefs and fixing an early date for argument.

*For reversal and remandment*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.