94 N.J. Super. 84 (1967)
226 A.2d 840
STATE OF NEW JERSEY, BY THE STATE HIGHWAY COMMISSIONER, PLAINTIFF-RESPONDENT,
v.
THOMAS F. BUCK AND MARY P. BUCK, DEFENDANTS-APPELLANTS, AND ORANGE SAVINGS BANK, ET AL., DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 28, 1966.
Decided February 20, 1967.
*86 Before Judges GAULKIN, LEWIS and LABRECQUE.
Mr. Richard Brian Young argued the cause for appellants (Messrs. Sweeney and Young, attorneys).
Mr. Edward D. McKirdy, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by LEWIS, J.A.D.
This is a condemnation matter in which defendants Thomas F. Buck and Mary P. Buck appeal from a judgment of the Law Division in favor of plaintiff State of New Jersey appointing commissioners to appraise the value of land proposed to be taken in condemnation by the State Highway Commissioner.
By its complaint the State sought to condemn defendants' property, consisting of approximately five acres, for use by the State Highway Commissioner in the construction of a freeway known as Interstate Highway 287. Their land is designated on various engineering exhibits as "Parcels 30A and 30B." The major part of 30A lies in the path of the proposed freeway; defendants do not contest the right of the State to condemn that portion of their land. They do, however, dispute the authority of the State to take Parcel 30B abutting on the south and a small borderline strip along 30A, totaling approximately 80' in width (frontage) by 574.13' in depth and consisting of 1.078 acres. The property is in an AAA residential zone, and it was stipulated that the applicable local zoning regulations require a minimum lot size of three acres and a 100' frontage.
To the southwest of the Buck property are lands of Robert and Dorothy Sheldrick, the northwesterly part of which will be required for the right-of-way of Route 287, leaving 5.3 acres to the southeast. The State proposes to retain title to Parcel 30B in public ownership and to make *87 it available for access to that remainder portion of the Sheldrick lands which otherwise would be landlocked.
Defendants argue: (1) the Commissioner in the instant matter has abused his discretion or has been guilty of fraud or bad faith in the exercise thereof, and (2) he is attempting to take private property for private use. Plaintiff does not challenge the premise, which is recognized as a basic principle of the law of eminent domain, that the State may under no circumstances take private property for private use.
The trial judge, after a summary hearing on the question of whether the Commissioner had exceeded his powers, Bergen County v. S. Goldberg & Co. (City of Hackensack), 39 N.J. 377 (1963), found from the evidence that the value of Parcels 30A and 30B would be $46,000, while the value of 30A alone would be $45,000, and that when the Commissioner, in his discretion, sought to acquire the entire Buck tract he was acting in the best interests of the general public. He held that therefore the State's evidence met the statutory test provided in N.J.S.A. 27:7A-4.1, viz.:
"In connection with the acquisition of property or property rights for any freeway or parkway or portion thereof, the State Highway Commissioner may, in his discretion, acquire by gift, devise, purchase or condemnation, an entire lot, block or tract of land, if, by so doing, the interests of the public will be best served even though said entire lot, block or tract is not needed for the right-of-way proper but only if the portion outside the normal right-of-way * * * is so situated that the cost of acquisition to the State will be practically equivalent to the total value of the whole parcel of land; * * *."
The proofs amply support the findings of the trial judge and his conclusion. As he pointed out, when the State condemns all of a tract except a portion too small to comply with the zoning ordinance, the State must pay not only for what it takes but also for the damage to the remainder. Therefore when, as here, the value of the whole is little more than the value of the major part, it is sound business judgment and in the public interest to take the entire parcel. *88 This avoids the expense of litigating the damage to the remainder and the hazards of a large award for such damage. We hold that here there was such a taking, and that here these considerations alone satisfied the requirements of N.J.S.A. 27:7A-4.1. In addition, we think the Commissioner, within the confines of said statute, may incidentally seek to avoid creating or leaving a landlocked parcel or parcels that do not comply with local zoning requirements. Rather than leave a land segment useless under local zoning and subject the State to payment of damages incident to unacquired remainder land, the Commissioner made a sound and sensible decision to condemn the entire tract at a practically equivalent cost, especially when in so doing he preserved accessibility to adjoining lands which have an apparent potential for development.
The fact that Sheldricks' private interests may be subserved will not defeat a condemnation proceeding; the controlling question is whether the paramount reason for taking land to which objection is made is in the public interest. Note, Weaver v. Pennsylvania-Ohio Power & Light Co., 10 F.2d 750, 762 (6 Cir. 1926). Cf. Wilson v. Long Branch, 27 N.J. 360, 376, certiorari denied 358 U.S. 873, 79 S.Ct. 113, 3 L.Ed.2d 104 (1958); United States v. Agee, 322 F.2d 139 (6 Cir. 1963). See generally, Annotation, "Eminent domain  public and private purpose," 53 A.L.R. 9 (1928).
A use is not denominated public or private by simply relying upon the number of persons it serves. See Scudder v. Trenton Delaware Falls Co., 1 N.J. Eq. 694, 726-728 (Ch. 1832), cited with approval in Texas Pipe Line Co. v. Snelbaker, 30 N.J. Super. 171, 176-178 (Law Div. 1954), affirmed 33 N.J. Super. 11 (App. Div. 1954); Essex County v. Hindenlang, 35 N.J. Super. 479, 488-491 (App. Div. 1955), appeal dismissed 24 N.J. 517 (1957); Rindge Co. v. Los Angeles County, 262 U.S. 700, 706-707, 43 S.Ct. 689, 67 L.Ed. 1186, 1192 (1923); 2 Nicholas, Eminent Domain (3d ed. rev. 1963), § 7.512(1), pp. 705-706; 5A Thompson, *89 Real Property (1957 replacement), § 2577, pp. 658-660. It has been stated that a use does not "fail to be public upon the ground that the immediate enjoyment of it is limited to a small group or even to a single person." United States v. Boyle, 52 F. Supp. 906, 908 (N.D. Ohio 1943), affirmed sub nom. City of Cleveland v. United States, 323 U.S. 329, 65 S.Ct. 280, 89 L.Ed. 274 (1945). Accord, Fallbrook Irrigation District v. Bradley, 164 U.S. 112, 161-162, 17 S.Ct. 56, 41 L.Ed. 369, 389-390 (1896).
In condemnation proceedings an administrative agent, operating under legislative mandate, has broad discretion in determining the quantity of land to be taken, its location and the time of taking; the judiciary will interfere only in a plain case of abuse of that discretion. Burnett v. Abbott, 14 N.J. 291, 294-295 (1954). An administrative determination will ordinarily not be disturbed in "the absence of an affirmative showing of fraud, bad faith or a manifest abuse." Bergen County v. S. Goldberg & Co., Inc., 76 N.J. Super. 524, 529 (App. Div. 1962), reversed on other grounds, affirmed as to this point of law, sub nom. Bergen County v. S. Goldberg & Co. (City of Hackensack), 39 N.J. 377, 381 (1963); N.J. Highway Authority v. Currie, 35 N.J. Super. 525, 532 (App. Div. 1955); Tennessee Gas Transmission Co. v. Hirschfield, 38 N.J. Super. 132, 138 (App. Div. 1955), and 39 N.J. Super. 286, 288 (App. Div. 1956); City of Trenton v. Lenzner, 16 N.J. 465, 473 (1954), certiorari denied 348 U.S. 972, 75 S.Ct. 534, 99 L.Ed. 757 (1955).
The condemnees did not charge the Commissioner with "fraud or bad faith" in the proceedings before the Law Division. That issue is raised for the first time in their brief on appeal, and without an appropriate notation thereof as required by R.R. 1:7-1(c). Although not required to consider that issue, we conclude from our study of the record that there is no basis to support any such charge.
On the merits of the present controversy we are satisfied that the proofs do not establish an abuse of discretion but, *90 to the contrary, they support the conclusion that the Commissioner acted in the best interests of the public and within the statutory authority vested in him.
Judgment affirmed.