The STATE of Delaware upon the Relation of the STATE HIGHWAY DEPARTMENT, Plaintiff Below, Appellant,

v.

9.88 ACRES OF LAND, et al., MORE OR LESS, situate IN NEW CASTLE HUNDRED, NEW CASTLE COUNTY, and State of Delaware; Christiana Marine, Inc., a corporation of the State of Delaware; David Pyle Michener, III, and unknown others, Defendants Below, Appellees.

Supreme Court of Delaware.

May 1, 1969.

Aubrey B. Lank, of Theisen & Lank, Wilmington, for appellant.

Donald W. Booker, of Booker, Leshem, Green & Shaffer, Wilmington, for appellees.

WOLCOTT, Chief Justice, CAREY, Justice, and MARVEL, Vice Chancellor, sitting.

WOLCOTT, Chief Justice.

This is an appeal from an order of the Superior Court denying the right of the State Highway Department to condemn 14.76 acres of excess land belonging to Christiana Marine, Inc.

Due to the construction of Interstate Route 495, the Highway Department sought to condemn 9.88 acres of land owned by Christiana Marine, Inc. The taking of the 9.88 acres of land will result in a complete denial of land access to 14.76 acres of land also belonging to Christiana Marine, Inc. This 14.76 acres has a frontage along Christiana River of 1,294 feet, a navigable waterway maintained by the United States Army Corps of Engineers.

The Highway Department amended its complaint to include the taking of the 14.76 acres on May 5, 1967, presumably after the decision of this court in State ex rel. State Highway Department v. 14.69 Acres of Land, Del., 226 A.2d 828, and in reliance on 17 Del.C. § 175, adopted June 22, 1956. Section 175, in pertinent part, provides as follows:

> "In connection with the acquisition of property or property rights for any controlled-access facility or portion thereof, or service road in connection therewith, the Department may, in its discretion, acquire an entire lot, block, or tract of land, if, by so doing, the interests of the public will be best served, even though said entire lot, block, or tract is not immediately needed for the right-of-way proper."

The Highway Department concedes that it has no immediate need for the additional 14.76 acres, nor has it any plans for its future use. It seeks to condemn the additional or excess acreage on the ground that the compensation it will be required to pay by the condemnation of the 9.88 acres will approximate the cost of the entire tract since access from the land will be denied by the taking of the 9.88 acres. This reason is, of course, an economic one.

Article I, § 8 of the Constitution, Del.C.Ann. requires that if any person's property is taken for public use, he shall receive compensation from the State for it. By 17 Del.C. § 132, the Highway Department is authorized to acquire by condemnation any land which, in the judgment of the Department, shall be necessary for the construction of highways. The right of condemnation, however, may not be exercised except for the furtherance of a public purpose, and only then upon the payment of just compensation for the land taken. Randolph v. Wilmington Housing Authority, 37 Del.Ch. 202, 139 A.2d 476. The Highway Department may not, therefore, take privately owned land under any conditions unless it intends to devote it to a public purpose.

The Highway Department candidly admits that the only public purpose for which it desires to take the excess land is that it probably will have to pay as just compensation for the 9.88 acres an amount including damages for the denial of access from the land to the remaining portion, which will approximate the present value of the entire tract. It argues, therefore, that it is uneconomical to compel it to pay such an amount and not obtain the land, itself, which it could possible thereafter sell to private persons, thus recouping some of the cost.

Reliance is made upon 17 Del.C. § 175, quoted above, and upon certain language in State Highway Department v. 14.69 Acres, supra. We think, however, that § 175 does not aid the Highway Department in its contention. We point out that the quoted portion of the section limits the acquisition of an entire tract of land only when it is "in connection with the acquisition of property or property rights for any controlled-access facilit[ies], * * *."

The Highway Department advances the so-called recoupment theory to justify its taking of this additional acreage. This theory is one which seeks to diminish the over-all cost of a particular public im-

provement by the condemnation of other abutting or adjacent property not actually needed for the particular improvement, with the ability ultimately to sell such excess property.

The Highway Department relies upon certain language in our opinion in Highway Department v. 14.69 Acres, supra, in which we declined to pass upon a similar argument made on the ground that the record then before us was inadequate for a proper construction. In that opinion we pointed out that § 175 might have been intended to permit the taking of the whole when compensation for the part sought equals the value of the whole.

■ The language referred to, however, is dictum since the record then before us was not sufficient to permit the question to be passed on. Furthermore, in that case it was clear that, while the Highway Department at the time of taking had no immediate plans for the excess land sought, it nevertheless had long-range plans for another access to the interstate highway which would require a large part of the excess land sought. We think, therefore, that the language of that opinion is not a construction of § 175 as the Highway Department contends it is.

■ We consider the attempt by the Highway Department to take this excess 14.76 acres as falling squarely within the so-called recoupment theory. The recoupment theory is rejected by at least the majority of the states which still adhere to the doctrine that private property may be taken for public purposes only when the taking authority has an immediate public use for the property, or has plans for a public use of the property in the foreseeable future. In our opinion, the Highway Department has no foreseeable future use for this excess land and, consequently, may not take it through the power of eminent domain. See Annotation, 6 A.L.R.3rd 297.

The Highway Department relies on a somewhat comparable statute of New Jer-

sey (N.J.S.A. 27:7A–4.1) which provides that in connection with the taking of property for freeway purposes, the Department may acquire an entire tract if, by doing so, the best interests of the public will be served, even though the entire tract is not needed for the freeway purpose. The right may be exercised if the excess portion outside the sought right-of-way "is so situated that the cost of acquisition to the State will be practically equivalent to the total value of the whole parcel of land." In State by State Highway Commissioner v. Buck, 94 N.J.Super. 84, 226 A.2d 840, the New Jersey Superior Court, Appellate Division, construed the New Jersey act as authorizing the condemnation of a small excess borderline strip too small to be developed in compliance with the existing residential zoning ordinance.

We think the New Jersey act is broader in scope than is 17 Del.C § 175. Since § 175 is, of necessity, limited by the general doctrine of condemnation long established in this state to the effect that land may be condemned only when there is a public necessity for such condemnation and only when the Department has immediate or immediately foreseeable plans for its public use, State ex rel. Sharp v. 0.62033 Acres of Land, 10 Terry 174, 112 A.2d 857, the absence of such future plans of necessity precludes a condemnation.

■ The Highway Department's contention that it will be obliged to pay a sum for the 9.88 acres substantially equivalent to the value of the whole, and that it should, accordingly, be allowed to take the whole, may be an attempt to apply the so-called "remnant" theory, described in 6 A.L.R.3d 317 and 2 Nichols on Eminent Domain (3d Ed.) § 7.5122. Whether or not this theory is good law in this State in a proper case need not be decided at this time because the facts here do not fall within its scope. To come within that theory, the "remnant" must be practically worthless. We do not agree that the 14.76 acres is rendered practically useless or worthless by the taking of the 9.88 acres;

**512**

although the tract remaining will be landlocked, it is still worth $100 to $200 per acre, according to the appraisers.

Since, admittedly, the Highway Department seeks this excess land solely because it fears that the condemnation commissioners may award to the owner a sum almost equal to the value of the entire tract by reason of the denial of access to it, we must conclude that not only does the Highway Department not seek the excess for public purposes, but that it has no foreseeable future plans to devote the excess portion to a public use. It desires to acquire the land solely for the purpose of reselling it at some undisclosed future time in order to recoup part of the payment for just compensation. We think this cannot be done constitutionally. The State has no right to condemn land solely for resale to private ownership.

For the foregoing reasons, the judgment below is affirmed.