STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-APPELLANT, v. WILLIAM G. ROHRER, INC., DEFENDANT-RESPONDENT.

Argued March 19, 1979—Decided July 2, 1979.

Mr. *Richard L. Rudin,* Deputy Attorney General, argued the cause for appellant (*Mr. John J. Degnan,* Attorney General of New Jersey, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel).

Mr. *S. David Brandt* argued the cause for respondent (*Messrs. Brandt, Haughey, Penberthy and Lewis,* attorneys).

The opinion of the court was delivered by

MOUNTAIN, J. This is a condemnation suit. The State of New Jersey, acting through the Commissioner of Trans-

portation, initiated proceedings to condemn a portion of defendant's property in order to widen a highway in the City of Camden. The taking included a strip of land and about 10% (31′) of the front of a building that faced the highway. The trial court found that the fair market value of the property prior to the taking was $159,000 and that after taking the value of the property, still encumbered with the remnant of the building, was zero. It concluded that the landowner was entitled to the difference, viz., $159,000, plus the cost of demolition, found to be $29,912, less the value of the then remaining vacant land, determined to be $11,400. In accordance with these findings, an award was entered in the sum of $177,512. 145 *N. J. Super.* 63, 71 (Law Div. 1976). The Appellate Division affirmed. 161 *N. J. Super.* 561 (App. Div. 1978). We granted the State's petition for certification. 78 *N. J.* 394 (1978).

█ The method of valuation here employed followed what is sometimes called the "before and after rule." 4A *Nichols, Eminent Domain* § 14.23 at 14–83 to 14–94 (3rd ed. 1976). This formula requires that the value of the parcel before taking be first determined. Then the value of the remainder after taking is found. Finally the latter is subtracted from the former. The difference will equal fair compensation. *Village of South Orange v. Alden Corp.,* 71 *N. J.* 362, 367 (1976).

. The "before taking" value of $159,000 is not seriously challenged here. The trial court further found that the cost of repairing the building would well exceed the fair market value of the premises after restoration. Parenthetically, those factual determinations are amply supported by substantial credible evidence in the record. Hence, the trial court concluded, the after taking value of the property was zero. 145 *N. J. Super.* at 68.

█ The court really decided that the taking, although denominated partial, had in fact drained the property of all economic worth. Where such a result can be reasonably foreseen — as was probably the case here — it would normally

be the better practice for the public condemnor to undertake to condemn the whole property in the first place. To have done so would have avoided the creation of an "uneconomic remnant" with its accompanying problems.

The State points out that it did not actually require all of the property for the public purpose of widening the highway. It apparently entertained the fear that to take the whole might be unjustifiable as constituting excess condemnation. The argument has, indeed, been made on a number of occasions that to take more property than is absolutely necessary—excess condemnation—is beyond the power of the state. But in New Jersey, especially in recent years, both the Legislature and the courts have adopted an extremely liberal and comprehensive interpretation of public use. *State v. Davis*, 87 *N. J. Super.* 377, 380 (App. Div. 1965); *Essex County v. Hindenlang*, 35 *N. J. Super.* 479, 491 (App. Div. 1955). Relying principally upon New Jersey statutory and case law, one commentator has said:

A taking is considered in the public interest when condemnation of the entire parcel is the least expensive alternative to the condemnor. [*Comment, Excess Condemnation — to Take or not to Take — A Functional Analysis*, 15 *N. Y. L. F.* 119, 124-25 (1969)]

This is a concise statement of the pragmatic principle set forth in *State v. Buck*, 94 *N. J. Super.* 84 (App. Div. 1967).

[W]hen the State condemns all of a tract except a portion too small to comply with the zoning ordinance, the State must pay not only for what it takes but also for the damage to the remainder. Therefore when, as here, the value of the whole is little more than the value of the major part, it is sound business judgment and in the public interest to take the entire parcel. This avoids the expense of litigating the damage to the remainder and the hazards of a large award for such damage.

[94 *N. J. Super.* at 87-88]

The Legislature has made ample provision for the utilization of this procedure. Thus, a section of the Eminent Domain Act of 1971 states:

> If as a result of a partial taking of property, the property remaining consists of a parcel or parcels of land having little or no economic value, the condemnor, in its own discretion or at the request of the condemnee, shall acquire the entire parcel.
>
> [*N. J. S. A.* 20:3-37]

The general legislation pertaining to the acquisition, construction and maintenance of state highways contains the following provision:

> In addition to the powers now vested in the Commissioner of Transportation for the acquisition of lands or rights therein by virtue of any statute, the commissioner may, in his discretion, acquire by gift, devise, purchase or condemnation, an entire lot, block or tract of land, if, by so doing, the interests of the public will be best served even though said entire lot, block or tract is not needed for the right-of-way proper but only if the portion outside the normal right-of-way is landlocked or *is so situated that the cost of acquisition to the State will be practically equivalent to the total value of the whole parcel of land;* . . . . [*N. J. S. A.* 27:7-22.6; emphasis added]

Another enactment, with substantially identical wording, but limited to freeways and parkways only, is to be found in *N. J. S. A.* 27:7A-4.1.

In analyzing the problem that is here presented a distinction may be perceived between the cost of acquisition to the condemnor and the amount of just compensation to which the condemnee is entitled. Just compensation is the monetary equivalent of the property taken. Here the action of the condemnor resulted, in monetary or economic terms, in a complete taking — the remnant was economically valueless. Thus the landowner was entitled to the fair market value of the whole property before taking, namely, $159,000. This sum, apart from incidental expenses mentioned below, might, at first blush, be thought of as the total amount which the condemnee should rightfully receive.

But the valueless remnant, with its exposed and unoccupied building left in the hands of the condemnee, poses a serious risk. It might readily be the cause of property

damage or personal injury for which the landowner might be liable. Protection against such risk by insurance or otherwise would be expensive and uncertain, perhaps even unavailable. The condemnee is entitled to be relieved of this risk. The expense of this relief should be borne by the condemnor as part of the cost of acquisition. It is important to bear in mind that

[t]he just compensation to which an owner is entitled when his property is taken by eminent domain is regarded in law from the point of view of the owner and not the condemnor. [4 *Nichols, Eminent Domain* § 12.21 at 12–86.1 (3rd ed. 1978)]

Furthermore, " '[c]ompensation' . . . implies full indemnity to the owner. . . ." *Id.,* § 12.1[4] at 12–43.

Because the condemnor has not sought to take the entire parcel, the landowner has had no opportunity to consider these proceedings in the light of a total taking. At the trial below and on appeal the matter has been addressed in terms of a partial taking. In view of this fact, and in light of the conclusion we reach, we think that in all fairness the landowner should now be given an option. It may elect to receive the full value of the entire tract, viz, $159,000, and at the same time convey so much of the property as it still owns to the plaintiff. As we have indicated, this remnant is presently without economic worth.[1] If this alternative is chosen, it will

---

[1]The proposal that defendant have an option to keep the remnant for which the State may be said to have paid full value cannot reasonably be thought to offend *N. J. Const. Art.* 8, § 3, ¶ 3 which forbids the donation of land by the State. Here there is no donation of anything of value. Furthermore, this constitutional provision should not be interpreted to stand in the way of treating a condemnee justly. As Judge Conford observed,

[T]he Legislature has considerable latitude to provide broadly for fair treatment of the condemnee, short of giving away public funds contrary to the prohibition thereof in Article VIII, Section III, paragraphs 2 and 3, *N. J. Constitution* (1947).

\*     \*     \*     \*     \*     \*     \*     \*

There is no rigid principle, constitutional or otherwise, that precludes consideration of other factors bearing upon the justness of

be seen that the defendant will have received full compensation for the entire parcel and, furthermore, will be relieved of all possible future liability.

In the alternative, defendant may choose to accept the full value of the whole tract and also retain title to the remnant. Any future liability, or any expense of guarding against such liability, are then of its own choosing.

The choice must be made and implemented by the defendant within a reasonable time to be fixed by the trial court. Our decision does not of course foreclose a negotiated settlement which the parties are quite at liberty to reach.

On remand the trial judge is to determine what incidental elements of expense, if any, should be added to the award. Interest will be fixed in accordance with the statute. *N. J. S. A.* 20:3–31 and 32. A like determination will be made with respect to those expenses of the condemnee for payment of which the statute makes provision. *N. J. S. A.* 20:3–26. Such expenses do not include counsel fees. Defendant is not entitled to other items of expense for which it seeks reimbursement. It had the opportunity at all times to avail itself of the privilege of requiring complete condemnation under *N. J. S. A.* 20:3–37, *supra.*

The judgment of the Appellate Division is vacated and the cause remanded to the trial court for further proceedings consonant with what has been said above.

*For vacation and remandment*—Chief Justice HUGHES and Justices MOUNTAIN, JACOBS, PASHMAN, CLIFFORD, SCHREIBER and HANDLER—7.

*Opposed*—None.

compensation to the property owner independent of the narrow criterion of the value of the property as of the date of filing of the complaint. [*Jersey City Redevelopment Agency v. Kugler*, 111 *N. J. Super.* 50, 58–59 (App. Div. 1970), *aff'd* 58 *N. J.* 374 (1971)]