**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0644-17T4
                A-0645-17T4
                A-0646-17T4

TOWNSHIP OF LONG BEACH,
a Municipal Corporation of
the State of New Jersey,

        Plaintiff-Respondent,

v.

LISA A. TOMASI, Qualified
Personal Residence Trust, Paul
M. Tomasi as Trustee, LYDIA
ZINZI, and JEAN VELTEN,

        Defendants-Appellants,

and

MINKE FAMILY TRUST,

        Defendant-Respondent,

and

TOWNSHIP OF LONG BEACH,

        Defendant.

_____

Argued November 7, 2018 – Decided December 20, 2018

Before Judges Yannotti and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Ocean County, Docket Nos. L-3033-16, L-3034-16 and L-3035-16.

Kevin J. Coakley argued the cause for appellants (Connell Foley LLP, attorneys; Kevin J. Coakley and Agnes Antonian, of counsel and on the briefs; Christina Sartorio, on the briefs).

Paul V. Fernicola argued the cause for respondent Township of Long Beach (Paul V. Fernicola & Associates, LLC, attorneys; Paul V. Fernicola and Robert E. Moore, on the brief).

McKirdy, Riskin, Olson & DellaPelle, PC, attorneys for respondent Minke Family Trust (John H. Buonocore Jr., of counsel and on the brief).

PER CURIAM

In connection with a federally-funded project to protect sections of the New Jersey shoreline, the Township of Long Beach (Township) condemned a ten-foot-wide strip of land along defendants' properties to provide pedestrian public access to the beach and Atlantic Ocean. Defendants appeal from September 29, 2017 orders granting judgment to the Township and confirming its authority to acquire the easements under the Township's eminent domain authority. Defendants argue that the Township acted without a public purpose

because it sought the easements to comply with a federal regulation requiring public access every half mile to beaches protected or replenished with federal funds. We disagree with defendants' position and affirm because providing public access to obtain federal funds for a shore protection project is a legitimate public purpose and use.

I

The Township is a New Jersey municipality located on Long Beach Island, which is a barrier island stretching approximately eighteen miles along the Atlantic Ocean. Defendants own three separate single-family residences located in the Loveladies section of the Township. Defendants' three properties, together with a fourth property, are located between Long Beach Boulevard and the beach. Thus, the four properties are located one next to another, along land that runs east from the Boulevard to the beach. The four properties are designated as lots 1, 2, 3, and 4 on Block 20.107 of the Township's tax map. Defendants own lots 1, 2, and 3. Lot 4 is owned by the Minke Family Trust (Minke). Lot 1 fronts on Long Beach Boulevard, lot 2 is east of lot 1, lot 3 is east of lot 2, and lot 4 is east of lot 3 and is beachfront property.

Over the past several decades, the federal government has assisted New Jersey in protecting coastal communities from the impact of storms and beach

A-0644-17T4

erosion.  In the aftermath of Superstorm Sandy, Congress passed the Disaster Relief Appropriations Act, 2013 (Sandy Act), Pub. L. No. 113-2, 127 Stat. 4. The Sandy Act authorizes the Army Corps of Engineers (Army Corps) to construct beach replenishment and dune construction projects to protect the New Jersey shoreline.  The Sandy Act also provides that the federal government will fund one hundred percent of the costs of some of the projects.

The Township was part of an ongoing shoreline protection project undertaken by the New Jersey Department of Environmental Protection (NJDEP) and Army Corps.  The Army Corps' engineering regulations condition its participation in such projects on the "provision of reasonable public access rights-of-way" to the beach.  U.S. Army Corps of Engineers, ER 1105-2-100, Planning Guidance Notebook 3-20 (2000).  An appendix to those regulations provides:  "Reasonable access is access approximately every one-half mile or less."  Id. at app. E-134.  An NJDEP regulation (originally N.J.A.C. 7:7E-8.11, but recodified in 2015 as N.J.A.C. 7:7-16.9) provides that "access shall be provided in accordance with the [Army Corps' Planning Guidance Notebook]." N.J.A.C. 7:7-16.9(p).

The Township did not have public beach access every half mile, and thus had to obtain public access easements in several locations.  To help locate those

easements, the Township retained Frank J. Little Jr., P.E., P.P., to perform planning and surveying. Little prepared several maps and proposed various easements over several years. In August 2014, Little issued an updated map moving one of the proposed public access easements to Block 20.107, where defendants' properties are located. At that time, Block 20.107 already had an existing private beach access easement from Long Beach Boulevard that crossed defendants' three properties and Minke's property.

On September 12, 2014, the Township passed on first reading Ordinance 14-32 (Ordinance), which authorized the Township to acquire through eminent domain four public beach access easements, including an easement on Block 20.107. On September 26, 2014, the Township adopted the Ordinance. The Ordinance stated that the Township was acting to "undertake a beach replenishment, maintenance and dune construction project[.]" The Ordinance also recognized that the Army Corps requires public access points every one-half mile to allow "the general public . . . access onto, over, and through said privately-owned real property for the purpose of access to any [Army] Corps-engineered beaches or other flood hazard risk reduction measures[.]" Furthermore, the Ordinance explained that the public access points served a public use by protecting the health, safety, and welfare of the citizens, protecting

public infrastructure, mitigating future storm damage and public recovery expenditures, and protecting natural resources.

Defendants and Minke filed separate actions challenging the Township's Ordinance. Minke filed an action in lieu of a prerogative writ challenging the Ordinance. The trial court granted summary judgment in favor of the Township. Thereafter, the Township filed a condemnation complaint against Minke seeking to acquire by eminent domain a public-use easement on Minke's property. The trial court granted judgment in favor of the Township. Minke appealed and we affirmed both the order granting summary judgment in the prerogative writ action and the judgment in the condemnation action. Minke Family Tr. v. Twp. of Long Beach, Nos. A-2660-15 and A-4036-15 (App. Div. Aug. 20, 2018).

In November 2014, defendants filed a complaint in the United States District Court for the District of New Jersey challenging the Township's adoption of the Ordinance and the Army Corps' ability to regulate coastal waterways. While the parties have not informed us of the status of that federal action, it is apparently still pending.

After unsuccessfully attempting to negotiate the purchase of the easements from defendants, in November 2016, the Township brought condemnation actions against each of the defendants and sought orders to show

6

cause why the condemnations should not be approved.  See R. 4:73-1 (allowing an action in condemnation to be addressed in a summary manner).

In July 2017, the trial court heard oral argument on the condemnation orders to show cause.  Defendants argued that the Township did not act for a public purpose when it sought the easements to secure federal funding for the beach protection and replenishment project.  The trial court rejected that argument and found that the Township had acted with an appropriate public purpose.  On September 29, 2017, the trial court entered judgments confirming that the Township duly exercised its power of eminent domain to acquire easements on defendants' properties for public use.  The trial court also appointed three commissioners to establish the compensation due to defendants for the public taking.

Each of the defendants separately appealed the condemnation judgments. We consolidated the three appeals.  Defendants also sought a stay of the construction of the pedestrian walkway on the easements.  We denied the stay, but the Supreme Court granted the stay pending the disposition of this appeal.

II

On appeal, defendants make two arguments.  They contend that the trial court erred because (1) the Township has not and cannot establish a necessity

for the condemnation of the easement on portions of their properties; and (2) the Township failed to establish a proper public purpose for the easements on their properties. These two arguments are closely related. In their first argument, defendants contend that the Township could not condemn the easements under the Public Trust Doctrine because there already was reasonable beach access. In their second argument, defendants assert that the Township acted without proper public purpose because it sought the easements to get federal funding.

In both arguments, defendants are challenging the Township's authority to acquire the easements though eminent domain. "Eminent domain is the power of the State to take private property for public use . . . . It is a right founded on the law of necessity which is inherent in sovereignty and essential to the existence of government[.]" Twp. of W. Orange v. 769 Assocs., L.L.C., 172 N.J. 564, 571 (2002) (alternations in original) (quoting State v. Lanza, 27 N.J. 516, 529 (1958)). Our State Constitution gives the State the right to take private property for public use, but the State must pay "just compensation." N.J. Const. art. I, ¶ 20.

Our Constitution also allows the Legislature to delegate the power of eminent domain to state agencies or political subdivisions. N.J. Const. art. IV, § 6, ¶ 3. The Legislature has delegated to municipalities the right to "condemn,

or otherwise acquire any real estate or right or interest therein, useful or necessary for the making of such improvement, located within or without the municipality[.]" N.J.S.A. 40:56-7. Moreover, the Legislature has given municipalities the authority to undertake improvements for shore protection. N.J.S.A. 40:56-1. In that regard, N.J.S.A. 40:56-1 states, in relevant part,

> Any municipality may undertake any of the following works as a local improvement[:]
>
> . . . .
>
> g. The construction, reconstruction, improvement, reimprovement or relocation of a public walk or driveway on any beach, or along the ocean or any river or other waterway.
>
> h. The improvement or reimprovement of any beach or water front, and the providing of suitable protection to prevent damage to lands or property by the ocean or other waters, including the filling in and grading necessary for the protection of such improvements.
>
> [N.J.S.A. 40:56-1; see also N.J.S.A. 40:68-27 (allowing municipalities bordering tidal waters to create and establish beach erosion control districts); N.J.S.A. App. A:9-51.5 (giving municipalities the authority to construct and repair protective barriers bordering the Atlantic Ocean and Delaware Bay).]

Courts use a limited and deferential standard when reviewing a municipality's decision to use its eminent domain power. 769 Assocs., 172 N.J. at 571-72. "[A] reviewing court will not upset a municipality's decision to use

9

its eminent domain power 'in the absence of an affirmative showing of fraud, bad faith or manifest abuse.'" Id. at 571 (quoting City of Trenton v. Lenzner, 16 N.J. 465, 473 (1954)). The power of eminent domain is, however, subject to several constitutional limitations. "[T]he property acquired must be taken for a 'public use,' the State must pay 'just compensation' in exchange for the property, and no person shall be deprived of his or her property without due process of law." Id. at 572.

Consequently, "New Jersey courts traditionally have granted wide latitude to condemning authorities in determining what property may be condemned for 'public use,' reasoning that it is the province of the Legislature to shape the contours of the 'public use' requirement." Ibid. (first citing Burnett v. Abbott, 14 N.J. 291, 294 (1954); then citing Lenzner, 16 N.J. at 473). Accordingly, public use is anything that "tends to enlarge resources, increase the industrial energies, and . . . manifestly contributes to the general welfare and the prosperity of the whole community." Ibid. (alteration in original) (quoting Julius L. Sackman, 2A Nichols' The Law of Eminent Domain § 7.02[2] (3d ed. rev. 1990)). Moreover, "[g]iven the broad definition of 'public use,' it is not essential that the entire community or even any considerable portion of the community directly enjoy or participate in the condemned property for the

10

taking to constitute a 'public use.'" Id. at 573 (citing State Highway Comm'r v. Totowa Lumber & Supply Co., 96 N.J. Super. 115, 121 (App. Div. 1967)).

Applying these principles, we hold that the Township acted for a proper public purpose and that the easements were being acquired for a public use when the Township condemned the easements to obtain federal funding for a beach protection project. It is a proper public purpose for a municipality to undertake a project to protect its shoreline. It is equally a proper public purpose for a municipality to act in conjunction with the state or federal government for such a shore protection project.

Defendants suggest that there is something improper in the Township condemning their property to obtain federal funds. That argument ignores the purpose of the funds. Here, it is undisputed that the funds are being used for beach protection, which protects properties throughout the Township, including defendants' properties. Consequently, there is nothing improper in a municipality seeking an easement to satisfy federal or state requirements to obtain the funding for a beach protection project. The public use is the beach protection project.

Defendants also argue that our decision in State v. North Beach 1003, LLC, 451 N.J. Super. 214 (App. Div. 2017) supports their position. In that regard, they cite to a section of the North Beach opinion that states:

> Such a federal requirement, however, does not establish the [NJDEP's] authority to acquire easements with public access and use. Instead, the source of the [NJDEP's] authority must be found in state law. The public access and use called for by the federal law is only a requirement for receiving federal funding for the Projects.
>
> [Id. at 240.]

That quotation, however, must be read in context. In North Beach 1003, we were not stating that receiving federal funds was an improper public purpose for taking private property. Instead, we were pointing out that the authority for the condemnation must be found in state law. Accordingly, in North Beach 1003, we held that the source of NJDEP's authority to condemn was statutory. Ibid. (citing N.J.S.A. 12:3-64). Here, the municipality also has statutory authority to condemn private property for purposes of eminent domain. N.J.S.A. 40:56-7. Moreover, as already pointed out, municipalities have that eminent domain authority specifically with regard to improvements for beach protection. N.J.S.A. 40:56-1(g) and (h).

In short, we discern no abuse of the Township's eminent domain authority when it sought easements for public access to beaches being protected and replenished by a federally-funded project. Such action is also closely related to the Township's authority to act in compliance with the Public Trust Doctrine. Thus, although here the Township was not acting solely for Public Trust Doctrine purposes, its actions in seeking beach protection were not inconsistent with the Public Trust Doctrine.

Affirmed. The stay of the construction activities on the easements is continued for twenty days to give defendants time to file a petition for certification and to seek a further stay from our Supreme Court.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0644-17T4